GEORGE H. JUDSON, ADM'R AND ANOTHER v. M. A. SIERRA, GUARDIAN, &c. AND HUSBAND.

The laws in force on the 30th day of November, 1848, did not authorize the father, as the natural guardian of his minor children, to contract, as such guardian, by a bond to convey, by deed, land belonging to such minors.

Such a bond stipulating, for the consideration of five hundred and thirty dollars, paid to the guardian, to make, and in due course of law, to deliver to the obligee, a deed to the land, and perfect, in due course of law, such sale, conveys no right.

A sale of lands belonging to minors, made by virtue of an order of the County Court, on a credit of twelve months, in accordance with the law, the same having been sold at public auction, as directed by law regulating such sales, and an account thereof returned, and duly confirmed by the court, will vest no right in the purchaser, if he fail to comply with the terms of sale.

A power of attorney, executed by a *feme sole*, is revoked by her marriage; and a deed made by her attorney, made after such marriage, conveys no title.

See this case for circumstances under which an attorney in fact of a guardian, with full power to act in all matters pertaining to the guardianship of the wards, had no capacity to make a valid conveyance of the land of the wards.

. Appeal from Bexar. Tried below before the Hon. Thomas J. Devine.

Suit brought for the recovery of a tract of land, against the appellant, Judson, as administrator of the estate of George V. Stebbins, deceased, and Henry M. Lewis; and against John Torrey, as setting up some claim to the land; and praying to enjoin the administrator aforesaid, from selling a portion of said land, as he had advertised to do; and to set aside and have

canceled, and decreed fraudulent and void, a sale from Ra-
phael C. Garza to the said Stebbins, deceased; and to declare
alike fraudulent and void, a conveyance from Lewis to Stebbins;
and that the same might be delivered up and canceled.

Judgment for the plaintiffs, for the land sued for. Injunction
perpetuated, and the deed, from Lewis to Stebbins, canceled
and annulled. The other facts appear from the opinion.

*Chandler* and *Turner*, for appellants.

*W. Tunstall*, for appellees. This suit was brought to cancel
the deed from Lewis, and to establish Juan and Adolpho Garza
in the title and possession of their land. The judgment of the
court below was rendered in their favor.

The appellants assign as error, in the court below, the first
charge, that "a guardian, in exercising the power vested in him
"by law, acts in pursuance of the special confidence and trust
"reposed in him, by the authority that appoints him. This trust
"is personal, and cannot be delegated by the guardian to another.
"Lewis, therefore, as the agent of the guardian, had no power to
"convey the title of the minor plaintiffs, by virtue of the power
"of attorney executed to him by their guardian," &c.

There is nothing in this case to take it out of the operation
of the rule, that "*delegatus non potest delegare*," but the con-
trary. That all proceedings authorized and directed by statu-
tory enactment, shall conform exactly to the terms of the
statute, or otherwise become a nullity, is a proposition which
needs neither argument, nor an array of authority, to establish
before this court. The law (Hart. Dig. Art. 1557,) provides
"that all sales of a minor's property, that may be ordered by
"the chief justice under the provisions of this Act, (March
"20th, 1848,) shall be made by the guardian of the estate of
"such minor, in the same manner, and with the same effect, as
"sales are required to be made by executors and administra-
"tors," &c. The law of the same date, pertaining to the
estates of deceased persons, directs (Art. 1171, et seq.) that

administrators—and it authorizes none other—to make sale of deceased persons' estates ; to make return of sale under oath ; and, when ordered by the chief justice, to execute, upon certain conditions, conveyances to purchasers.  A conveyance, executed by any other person than an administrator, executor or guardian, or made even by them, in any other manner or terms than those prescribed by the statute, lacks the authority of law, and is null and void.

The counsel for appellants, in their second, third, and fourth assignments of error, open up the whole merits of the case. The counsel for appellees, deem it necessary to suggest to the court a few points, either of which is sufficient to sustain the judgment of the court below.

Had the power of attorney executed by M. A. V. y Garza, on the 19th of April, 1851, to H. M. Lewis, been a valid and lawful instrument when it was made, it was revoked by her marriage with her present husband in 1853, before the execution of the deed from Lewis to Stebbins, which purported to be made by authority of that power of attorney. (Story on Agency, 481, and authorities quoted.) If Mrs. Sierra had herself conveyed the land to Stebbins, after her marriage, and the deed had been valid in every other requisite except the signature of her husband, the conveyance would have been void at law.  There is no law in Texas changing the common law rule on this subject.

The contract between R. C. Garza and Stebbins, referred to and made a part of appellant's answer, was entered into, in fraud of the minors' rights.  All proceedings subsequently instituted, to carry out that contract, either by Garza or Lewis, were tainted with fraud.  Stebbins was a party to that fraud ; and even when he demanded a deed of Mrs. Sierra, in 1854, he required to be allowed the benefit of that fraudulent contract, in a credit of $530.

If all the proceedings, previous to the sale, had been regular and lawful, still Stebbins forfeited all claim to the land, by his subsequent failure and refusal to comply with the conditions of the sale.  He did not execute his note and mortgage for the

purchase money, within twelve months; nor did he, at the expiration of that time, pay the amount. The sale thereby became null, and forfeited, on the 5th day of August, 1852. Stebbins did not tender payment, and demand a deed, until December, 1854. He did not even then tender the full amount of the purchase money, but required a credit of $530, alleged to have been paid—not to or for the benefit of the minors—but to a former guardian, upon a contract tainted with fraud. Had Mrs. Sierra, joined by her husband, then executed to Stebbins a deed to the land, it would have been without authority of law, and void. She, however, refused to convey the land; and forbid her former attorney, Lewis, to make the deed; but had him notified, that she should put a revocation of his power on record. Of all this Stebbins was fully informed; and yet he procured Lewis to execute the deed, relied upon in this case. No money has been ever paid to or for the benefit of the minors.

In a case of the character presented by this record, the counsel for appellees has not deemed an extended argument or reference to authorities, necessary in this court.

BELL, J. The petition was filed in the court below, by the appellee, Maria Antonia Garza y Sierra, as the guardian of two minors, Juan Garza and Adolpho Garza. The complaint of the petition was against Judson, as administrator of the estate of one George V. Stebbins, and against John Torrey and Henry M. Lewis. The petition alleged that the minors were the owners, by inheritance, of the land in controversy; that their father, Raphael C. Garza, acting as the natural guardian of his children, in his lifetime, procured from the County Court of Bexar county, an order for the sale of the land, and died before the sale was made; that the appellee was then appointed guardian of the minors, and executed to Henry M. Lewis a power of attorney, authorizing him to act as her attorney in fact, in all matters pertaining to the guardianship of the said minors; that Lewis procured a renewal of the order of sale of

the land ; that said Lewis, acting as the attorney in fact of the said Maria Antonia Garza y Sierra, sold the said land, on the 5th day of August, 1851, and some time in the month of December, 1854, executed a deed for the land to Stebbins.

The petition charges, that all the transactions between Raphael C. Garza and Stebbins, and the subsequent acts of Lewis, in making sale of the land, and executing the deed, were fraudulent.

The testimony discloses the fact, that Raphael C. Garza, on the 30th day of November, 1848, executed a title bond (as it was called by the parties) to George V. Stebbins, in which he recited that, in the capacity of guardian of the minor heirs of Josefa Verimendi y Garza, he was bound to make to said Stebbins a deed for one hundred and seventy seven acres of land, belonging to said heirs, for the consideration of five hundred and thirty dollars.

The pleadings show that the one hundred and seventy seven acres of land, mentioned in this bond, are the same land in controversy in this suit.

The testimony shows further, that at the sale of the land by Lewis, as attorney in fact for the appellee, Stebbins bid for the land the sum of one thousand dollars.   A report of the sale was made to the County Court, at the August Term, 1851, by Lewis, and the court made a decree confirming the sale.   The deed from Lewis, as attorney in fact of the appellee, recites that Stebbins complied with the terms of the sale, and paid the whole of the purchase money.   The evidence shows that Stebbins did not comply with the terms of sale, but always insisted that the five hundred and thirty dollars, which he had advanced to Raphael C. Garza, in his lifetime, should be deducted from the one thousand dollars bid at the sale of the land, in August, 1851.   The evidence shows that Mrs. Sierra, as guardian, refused to receive five hundred dollars, tendered by Stebbins through Lewis, as the balance due on the purchase money, after deducting the sum of five hundred and thirty dollars paid to Raphael C. Garza, in his lifetime ; and there is good reason to

24

believe, from the evidence, that both Lewis and Stebbins knew, that Mrs. Sierra had declared that she would revoke the power of attorney to Lewis, some time before Lewis executed the deed. The testimony also discloses the fact, that Mrs. Sierra had become a married woman before the deed was executed by Lewis.

Lewis was interrogated generally, concerning the whole business, from its inception to its conclusion. He stated, that he had always understood, that the money advanced by Stebbins to Raphael C. Garza, had been expended for the support and education of the minors, though upon this point he was not particularly interrogated. He stated, that he thought it was his duty, under all the circumstances, to execute the deed to Stebbins; and that he had always been ready to pay over to the appellee, the five hundred dollars which had been paid to him by Stebbins, whenever she was willing to receive it.

Stebbins had been several years in possession of the land, and had made improvements. There was a verdict for the plaintiff, Mrs. Sierra, and judgment of the court below upon the verdict. There was a motion for a new trial, which was overruled by the court.

We are of opinion, that there was no error in the judgment of the court below. The defendant set up no title, except such as he derived from the guardian of the minors, through the deed of Lewis, the attorney of Mrs. Sierra. The bond from Raphael C. Garza to Stebbins, conveyed no right, because the contract was one which the laws then in force did not permit Raphael C. Garza to make. The subsequent proceedings in the County Court, vested no rights in Stebbins. The terms of the sale, even admitting the regularity and legality of the sale itself, were not complied with by Stebbins, as required by law. (Hart. Dig. Art. 1176, 1181.) Under the circumstances of this case, Lewis had no capacity to make a valid conveyance of the land of the minors; even if Mrs. Sierra had not been a married woman, at the time of the execution of the deed to Stebbins. But if his authority had otherwise been sufficient, to enable him

to pass the title to the land, the marriage of his principal was a revocation of his authority. (2 Kent's Com. 644, and cases cited ; Paley on Agency, p. 188, and note ; Story on Bailments, § 206.) The judgment of the court below is affirmed.

Judgment affirmed.