ELIZABETH WILSON ET AL. v. GEO. W. WRIGHT ET AL.

SUPREME COURT, AUSTIN TERM, 1882.

*Administration—Probate jurisdiction—Compliance with terms of sale—Sufficient description of land in order of sale and confirmation—Tender of consideration by minor before suit for land sold can be maintained.*—The appointment of a party as administrator of a deceased wife's estate, upon the petition of her surviving husband, is such an irregularity that cannot be made available in a collateral proceeding.

Where the evidence was conflicting as to whether a party was dead or alive at the date of the appointment of an administrator of that party's estate, the finding of the court on that issue will be considered as conclusive of the matter.

That a party resided in a different State, and was there at the time of her death, is no objection to the regularity and validity of the administration in the probate court of the county in this State in which she owned lands at the date of her death. The latter fact fixed and determined the proper place for opening the administration of her estate.

The entering of the amount of the purchase price of the land sold at administrator's sale as a credit upon an approved claim against such estate, must be held to be a payment sufficient to vest title in the purchaser.

See this case for description of land in petition for order of sale, order of sale and confirmation thereof.

Before a suit can be maintained for land sold by minors, it is necessary for them to tender back the consideration they had received for the land.

Appeal from the District Court of Lamar county.—Appellants sued appellees October 24, 1870, in trespass to try title for the recovery of 1476 acres of land patented to the heirs of Sarah Cross, November, 1856, by virtue of a portion of the league and labor headright certificate of said Sarah Cross, deceased. Appellants claim Isaac Reed as the surviving husband, and the others as children of Sarah Cross, deceased.

Appellees plead not guilty, also three, five and ten years limitation, and an outstanding title in the estate of W. M. Williams, deceased. Gibbons, as administrator of Williams' estate, then intervened. (This intervention amounted to nothing, and will not be

further noticed.) Appellees claimed title to the land in contro-
versy by and through an administrator's sale and conveyance of
the Sarah Cross headright certificate for one league and labor of
land, and the land located by virtue thereof; this sale was made
in 1851, by Woodworth, as administrator of the estate of Sarah
Cross, to Wm. M. Williams; that Williams purchased the same
in trust for the estate of Bowerman, of which he was adminis-
trator, and for Miltown, whom he represented as agent; con-
veyance by Williams, as such administrator and agent, to
George Wright; confirmation of this sale by Miltown by subse-
quent power of attorney to Williams; also confirmation and ap-
proval of Williams' conveyance, as administrator, by the District
Court of Lamar county, in a suit by the heirs (Bowerman v. Wil-
liams and others); also by conveyance from three of the children of
Sarah Cross to Everts, and by him to George Wright. The other
appellees claimed under conveyance from George Wright.

Appellants claimed that Woodworth's administration of the es-
tate of Sarah Cross was void; that she was living when he was ap-
pointed administrator; that the pretended sale by him was void for
other matters (which are fully stated in the opinion); also, that no
title passed by reason of Williams' conveyance to Wright—first,
because not authorized by any order of the probate court in the
matter of Bowman's estate, nor by Williams' power of attorney to
him; also estoppel, growing out of certain pleading, in the case of
Bowman's Heirs v. Williams; and that the three heirs who con-
veyed to Everts were under the age of twenty-one years at the time,
received but a small consideration therefor; that Everts and
Wright had, by their combined frauds, induced them to execute that
conveyance, and asked that it be set aside, etc.

The case was tried by the court, without a jury, November 14,
1876, and a judgment was rendered in favor of the appellees and
against appellants for costs, and quieting appellees in their title and
possession to the land.

From that judgment this appeal was taken. The errors assigned
which are deemed material are noticed in the opinion.

Opinion by Watts, J.—In the investigation of this case, we are
met at the outset, with certain propositions urged by the appel-
lants as conclusive against the rights of the appellee to the land in
controversy. The first of these propositions is that the administra-
tion of the estate of Sarah Cross, deceased, is void, as the petition

for letters was not sufficient to invoke the jurisdiction of the Probate Court of Lamar county.

Under the statute then in force, the surviving husband had the preference to the administration upon the estate of his deceased wife. (Hartley's Digest, art. 995.)

In that matter, the surviving husband filed the petition, setting forth the death of his wife, that she owned land in Lamar county, and prayed that H. D. Woodworth be appointed administrator of her estate. Why he selected Woodworth is not shown; neither does he disclose the reasons for not seeking the appointment for himself; he may have been unable to give the bond, or it might have been on the ground of inconvenience to attend to the matter. Nor are his reasons for having Woodworth appointed administrator of his deceased wife's estate deemed material. The petition stated the facts necessary to give the County Court of Lamar county jurisdiction. (Hartley's Dig., 1030.)

At most, the appointment of Woodworth as the administrator of the estate of Sarah Cross, deceased, upon the petition of the surviving husband, would be an irregularity that could not avail appellants in this collateral proceeding, nor in any other proceeding at this late date.

Appellants' second propositition is that the administration is void, for that Sarah Cross was living at the date of Woodworth's appointment. The evidence upon this point is conflicting, and the court found against the appellants upon that issue. There being evidence in the record tending to show that she was dead at the time the administration was opened. The finding of the court would be considered as conclusive of that matter. It would be a uselesss consumption of time for us to consider upon which side of this issue the preponderance of the evidence was adduced, or the presumptions arising from the elapse of about thirty years. It is sufficient for the purposes of this appeal, that there was evidence tending to show that she was dead at the time the application was filed.

That Sarah Cross resided in the State of Arkansas, and was there at the time of her death, is no objection to the regularity and validity of the administration in the Probate Court of Lamar county. There is no controversy as to the fact that she owned the land in controversy at the time of her death. The statute then in force, provided: "That the place where the succession shall be opened is fixed as follows, viz: in the county where the deceased

resided, if he had a fixed domicil or residence in the Republic; in the county where the deceased owned real estate, if he had neither domicil nor residence in the Republic," etc.

Mrs. Sarah Cross had no fixed domicil or place of residence in Texas at the time of her death, but she did own real estate at that time situated in Lamar county, which fact fixed and determined that as the proper place for opening an administration upon her estate.

Conceding the validity of the administration, then appellants claim that no title passed to the purchaser by reason of the administrator's sale, because the record shows that the purchase money was never paid. The case of Judson v. Sierra, 22 Texas, 370; what is there said about the effect upon a sale of a failure to comply with its terms has direct reference to a failure upon the part of the purchaser at an administrator's or guardian's sale to execute the note or bond, with security, as required by law. In that case there was no note or bond given, and, in fact, no effort to comply with articles 1176 and 1181, Hartley's Digest, while in this case, the record shows that the terms of the sale were complied with, so far as the execution and delivery of the bond and security is concerned. Woodworth testifies that, while Williams, the purchaser, did not pay him any money, that, in fact, the amount was paid by entering it as a credit upon an allowed and approved claim against the estate of Sarah Cross, held by Williams, as the administrator of the estate of Bowman, deceased. Then, in answer to the proposition asserted by appellants, it may be answered that the record discloses the fact that Williams, the purchaser, did comply with the terms of the sale by executing his bond, with security, for the purchase money, and giving a lien therefor on the land. Also, as between the parties to this suit, the entering of the amount of the purchase price for the land as a credit upon an approved claim against the estate of Sarah Cross must be held in this proceeding as sufficient to vest the title to the land in the purchaser, Williams.

Appellants assert that the said administrators sale is void, because the laws then in force were not complied with in obtaining the order of sale, or in making and having the same confirmed, in that the order was for the sale of one league and labor of land, and the 1476 acres in controversy was not described as part of the same.

The record shows that Sarah Cross owned at the time of her death one league and labor of land, certificate No. 33, issued to her

by the Board of Land Commissioners of Fannin county, dated February 20, 1838. That this certificate had been located, but no patent had issued upon it.

This land was inventoried as the league and labor belonging to the estate, and appraised at $1151.25, and is shown to be the only property owned by Sarah Cross in Texas at the time of her death. The petition of Williams praying to have the land sold, recites "that there is belonging to said estate a league and labor of land," etc. Upon that petition, the court ordered the sale of one league and labor of land belonging to the estate of Sarah Cross, situated in Lamar county.

The court, by order, duly entered and approved the report of sale of one league and labor of land, and confirmed the sale. The administrator, in his deed, describes the Sarah Cross headright certificate by number, date, and by whom issued, etc., and conveys the same, " together with all and singular the lands located by virtue thereof," to Williams.

That the order of sale, and the order confirming the same, sufficiently describe the land sold, when considered in connection with the inventory and other existing facts, admits of not doubt. (See J. C. Robertson et al. v. S. E. Johnson et al., decided at the present term, together with the authorities there cited.)

The description in the deed made by the administrators to Williams, so far as it relates to the certificate, is full and complete. And had the conveyance said nothing about the land located by virtue of the certificate, yet it has been held that the conveyance of the certificate, at any time before the patent issued, would operate as a transfer of the land. (Simpson v. Chapman, 45 Texas, 566; Peevy v. Hurt, 32 Texas, 152.)

It follows, from what has been said, this sale by the administrator divested the title to the land out of the estate of Sarah Cross, and vested the same in Williams, and whether this was in his individual right or in trust for others, it matters not, for either way, it concludes the right of the appellants to the land.

This administrator's sale was made in January, 1851, while this this suit was brought October, 1870. That the lapse of time has effectually interposed a bar to a recovery by the surviving husband, will not be disputed.

And as to the interest of those heirs that they conveyed to G. A. Everts, cannot be affected in the manner attempted by this suit.

Admitting that they were under age at the time the conveyance was executed by them, then to maintain this suit it would be necessary for them to at least tender back to Wright the consideration they had received for the land from Everts.

As was well said by Justice Lipscomb in Stuart v. Baker, 17 Texas, 426, "If an infant makes a deed, purporting to be for a valuable consideration, such as would be valid against an adult, it is valid until the infant has avoided it by disaffirming it after arriving at majority; that it is indispensable to the disaffirmance that the consideration, if money or property, should be tendered to the purchaser. In this case there is no pretension set up that there was an offer to return the purchase money, and it was in proof that the infant had received the purchase money."

This disposes of the case so far as it involves the right of the appellants to recover the land in controversy; but it is claimed that no title passed from the estate Bowerman, and from Miltower to appellee Wright; and, hence, the judgment quieting him and his vendees in their right and possession of the land is not supported by the evidence; that is, this is the effect of the objections to the introduction of evidence.

That Williams purchased the land and received the conveyance in trust for Miltower and the estate of Bowerman is abundantly shown.

Admitting, at the outset, that the conveyance from Williams, as administrator of Bowerman, to Wright, and by Williams, as agent and attorney in fact of Miltower, to Wright, was not authorized, upon the one hand for the want of an order of court directing such a conveyance by the administrator, and, on the other, because not authorized by the terms of the power of attorney from Miltower, yet, it must be remembered, that by this conveyance Williams paid off and discharged a valid and subsisting judgment for about the sum of $7000 against Miltower and the estate of Bowerman in favor of Wright, and that Miltower, by his subsequent power of attorney to Williams, in effect, ratified and confirmed that settlement and Williams' action in that particular; also, that, in effect, Williams' conveyance, as administrator of Bowerman to Wright, was ratified and confirmed in the suit in the District Court of Lamar county, styled " The Heirs of Joshua Bowerman v. Wm. M. Williams, Administrator," etc. There the auditor reported this sale and conveyance by Williams as paying the Wright judgment, and that report was approved by the court.

At least, Miltower would be estopped from denying Wright's title to the land, and the same is equally true of Bowerman's heirs. As against these parties, Wright would be considered as having title to the land by estoppel. Such being true, the court did not err in admitting the evidence objected to by appellants, nor in rendering judgment quieting the appellees in their right to, and possession of, said land.

A careful examination of the record fails to disclose any such error as would require the reversal of the judgment, and therefore it ought to be affirmed.