MARSHALL BARRY v. MARY ELLEN BARRY.

RIGHTS OF WIDOW, *Where the Husband Dies without Issue.* A widow whose husband died without issue, will take the whole of her husband's estate, in the following cases: 1st, Where he died without making a will. 2d, Where he made a will, but she elects to take under the law. 3d, Where he made a will, and she fails to elect to take under the will.

*Error from Davis District Court.*

ACTION by plaintiff for partition of certain real property. All the estate for which partition was asked was the property of one Abraham Barry at the time of his marriage with the defendant. Said Abraham died without issue, in October 1873. By the last will and testament of said Abraham he devised all of his estate, real and personal, to the defendant

(his widow,) and the plaintiff, (his nephew,) each to receive one-half, after payment of his debts. A part of the real property in question was a homestead, on which said testator and defendant resided at time of testator's death. The defendant duly appeared before the probate court of Davis county, and refused to accept under the provisions of the will, and elected to take the portion allowed her under the law of descents. The district court, at the May Term 1874, sustained the claim of defendant to the whole estate, and gave judgment accordingly. The plaintiff appeals, and brings the case here on error.

*McClure & Humphrey*, for plaintiff.

*N. C. McFarland*, for defendant.

The opinion of the court was delivered by

VALENTINE, J.: The only question in this case is, who owns the land in controversy, Marshall Barry, or Mary Ellen Barry? Originally Abraham Barry owned it, and while so owning it he married Mary Ellen Barry. Afterward, and on March 7th 1873, Abraham Barry made a will, and by said will devised one-half of all his real estate to his nephew, Marshall Barry. His wife, said Mary Ellen, neither assented nor dissented as to this will. On October 11th 1873, said Abraham died, without issue. Said will was duly probated. The widow, Mary Ellen, then refused to accept under the will, and elected to take under the statutes. She now claims to own all the land which belonged to her husband Abraham Barry, at the date of his death; and Marshall Barry claims to own one-half of the same. The court below decided in favor of said Mary Ellen. We think the court below decided correctly. Marshall Barry has no interest in the land except what he gets under the will. Hence, we must look to the law of wills to see what he does get. We would first say however, that if Abraham Barry had died intestate, his widow would have taken (under the law of descents and distributions) the whole of his estate not necessary

to pay debts, and no part of it would have gone to Marshall Barry, or to any one else. (Gen. Stat. 392, 394, §§ 4, 20.) And if she does not now get the whole of said estate, it is because of said will. Section 17 of the law of descents and distributions, (Gen. Stat. 394,) reads as follows:

" The widow's portion cannot be affected by any will of her husband, if she object thereto, and relinquishes all rights conferred upon her by the will."

Turning now to the law concerning wills, (Gen. Stat. 1107, et seq.) The first section of said act concerning wills provides that—

"Any person of full age and sound mind and memory, having an interest in real or personal property of any description whatever, may give and devise the same to any person by last will and testament lawfully executed, *subject, nevertheless,* to the rights of creditors, and *to the provisions of this act.*"

Section 35 provides that—

" No man, while married, shall bequeath away from his wife more than one-half of his property, nor shall any woman, while married, bequeath away from her husband more than one-half of her property. But either may consent, in writing executed in the presence of two witnesses, that the other may bequeath more than one-half of his or her property from the one so consenting."

Section 41 provides, that where the widow has not consented to the will she shall be cited to appear before the probate court "and make her election, whether she will accept" under the will " *or take what she is entitled to under the provisions of the law concerning descents and distributions.*" Section 42 provides, that—

"The election of the widow to take under the will shall be made by her in person in the probate court of the proper county, except as hereinafter provided; and on the application by her to take under the will, it shall be the duty of the court to explain to her the provisions of the will, her rights under it, and *also her rights under the law,* in the event of her refusal to take under the will. The election of the widow to take under the will shall be entered upon the minutes of the court; *and if the widow shall fail to make such election, she shall retain her share of the real and personal estate*

*of her husband as she would be entitled to by law, in case her husband had died intestate.*"

It will be seen, that the first section of the act concerning wills is comprehensive, giving to a man the power to devise and bequeath his whole estate, *subject however to the other provisions of the act.* The 35th section is a limitation of that power, putting one-half of his estate beyond his reach to bequeath, where he is a married man, except by the written consent of his wife. The word "bequeath" in that section probably means "devise and bequeath." But it is not necessary now to so decide. Sections 41 and 42 create a further limitation of the power granted by § 1. The first section can operate to its full extent where a man has no wife, or where he gets her written consent. The 35th section can operate where a man has a wife and children. In such a case he can bequeath one-half of his property absolutely, and the other half with the written consent of his wife. The 41st and 42d sections operate where a man has a wife and no child. In such a case he cannot devise or bequeath any portion of his estate except with the consent of his wife. The meaning of these two sections seems very plain. Under the provisions of the law of descents and distributions, a widow whose husband died without issue and intestate, is entitled to the whole of her deceased husband's estate. (Gen. Stat. 292, 294, §§ 4, 20.) If instead of dying intestate, her husband had previous to his death made a will, then, under said § 41 the widow may elect whether she will take under the will, "or take what she is entitled to under the provisions of the law concerning descents and distributions"—which, as we have seen, is the whole of the estate. Under § 42 the probate court is required to explain to the widow her rights under the will, "and also her rights under the law"—which, in such a case, is to take the whole estate; and then, "if the widow shall fail to make such election, she shall retain her share of the real and personal estate of her husband as she would be entitled to by law in case her husband had died intestate." It will therefore be seen, that a widow whose husband died without issue,

will take the whole of his estate in the following cases: 1st, Where he died without making a will; 2d, Where he made a will, but she elects to take under the law; 3d, Where he made a will, but she fails to elect to take under the will. We do not say that this law is right. We express no opinion upon the subject. We do not make the laws, and are not responsible for them, whether they are good or bad.

The judgment of the court below must be affirmed.

All the Justices concurring.