HENRY ALLEN, *et al.*, v. JOSEPH HANNUM, *et al.*

WILL; *Refusal of Widow to Accept under Will; Effect as to Others.* Where a widow fails and refuses to accept under the will of the deceased husband, but elects to take under the law of descents and distributions, such failure and refusal does not render the will inoperative further than as between herself and others claiming portions of the estate. As between other persons, the will will be enforced, as near in accordance with the intention of the testator, as it can be so enforced.

### *Error from Nemaha District Court.*

ACTION for partition, brought by Olive Allen, as plaintiff, against *Joseph Hannum*, as executor, etc., and *Henry Allen*, Isaac W. Howe, Thomas Keller, Francis Hannum, Florence Hannum, Josephine Hannum, Julia Hannum, and Marietta Hannum, as defendants. The questions involved arose under the last will and testament of Samuel Allen, deceased, the father of said *Henry Allen*. The district court, at the April Term 1874, gave judgment, directing partition to be made, assigning one-half the lands in controversy to the plaintiff, Olive Allen, (widow of said Samuel,) and the remaining one-half in equal parts to said Francis, Florence, Josephine, Julia, and Marietta Hannum, minor children of the testator's sister. *Henry Allen* appeals, and brings the case here for review.

*Joseph Sharpe*, for plaintiff in error, contended that the district court erred in deciding that the children of Huldah A. Hannum were owners in fee of one-half part of the real estate of which Samuel Allen died seized. Said judgment is not only erroneous, but irregular, as the answer of Henry Allen, the son and heir of said Samuel, was on file in said court, and was admitted to be true. Said Henry had rights that were overlooked and ignored, and said district court should have modified its judgment in accordance with the facts.

The opinion of the court was delivered by

VALENTINE, J.: This was an action for partition of real estate brought by Olive Allen, against Joseph Hannum, Henry Allen, and seven others. Olive Allen got all she asked for in the court below, and of course she has no right to now complain in this court. But has Henry Allen, the other plaintiff in error, any right to complain? The facts of the case seem to be about as follows: The property in controversy originally belonged to Samuel Allen. He made a will, devising and bequeathing all his estate (after payment of debts and funeral expenses,) to his wife, said Olive Allen, during her natural life, and after her death (after paying her debts, funeral expenses, and certain legacies,) then equally to all the minor children of his daughter, Huldah A. Hannum. One of the above-mentioned legacies was a legacy of fifty dollars to his son, said Henry Allen. Afterward, said Samuel Allen died, leaving, surviving him, his wife, said Olive, one son, said Henry, and one daughter, said Huldah A. Hannum. His widow refused to accept under the provisions of the will, but elected to take under the provisions of the law of descents and distributions; and hence, she takes absolutely (instead of for life) one-half of all the estate of said Samuel Allen deceased. The other half of the estate, we think, should be distributed in accordance with the will, or as near in accordance therewith as may be possible under the circumstances of the case. Of course, the whole estate is first chargeable with the payment of the debts of the estate. Then the widow takes one-half thereof. Then the legacies are to be paid out of the other half. And then, the remainder goes equally to the minor children of Huldah A. Hannum. Henry Allen is entitled to nothing but his legacy of fifty dollars; and that portion of his father's estate which goes to his sister Huldah's children will be subject to the payment of such legacy. There is nothing in the judgment of the district court which will interfere with this order of the distribution of said estate, and hence we do not think the

district court erred. The refusal of the widow to take under the will, did not render the will inoperative any further than as between the widow and others claiming portions of the estate. It did not render the will inoperative as between the issue of said Samuel Allen and the devisees, legatees, and executor. •

The judgment of the court below is affirmed.

All the Justices concurring.