Noecker v. Noecker.

ELLA B. NOECKER v. GEORGE B. NOECKER *et al.*

No. 12,769.   (71 Pac. 815.)

SYLLABUS BY THE COURT.

1. STATUTORY CONSTRUCTION—*Duty of Court.* It is the duty of the court, if possible, to give effect to all portions of a statute and yet make the enactment an harmonious whole.

2. WILLS—*Husband and Wife—Statute Construed.* Section 35*a* of the wills act (Gen. Stat. 1901, § 7973), enacted subsequently to the other portions of that chapter, is not without effect, nor does it repeal other sections, but finds an harmonious place in the entire act, so that under it one spouse may will away from the other one-half of his or her property without the other's consent, even where no issue is left.

3. ———— *Where Wife Takes under the Law.* Where a wife elects to take under the law, rather than by the terms of the will of her deceased husband, the will, so far as may be, remains effective, and must be administered.

4. ———— *Trustees may Maintain Partition.* Where, by the terms of a will, certain real estate was devised to trustees, to be by them sold and the proceeds divided, such trustees, may maintain an action for the partition of such real estate, the will having vested them with title.

Error from Dickinson district court ; O. L. MOORE, judge.   Opinion filed March 7, 1903.   Affirmed.

*James P. Lodge,* and *Welch & Welch,* for plaintiff in error.

*David Ritchie,* for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : This was an action by the executors of the will of William Noecker to partition a tract of land in Dickinson county, Kansas. The plaintiff in error, the widow of William Noecker, together with a number of residuary legatees, were defendants in the action.   William Noecker had been a resident of

the state of Illinois, where he died, leaving no chil-
dren.   His will, which was proved in the county of
his residence, disposed of his Kansas property by giv-
ing to his executors power :   (1) To sell such portions
thereof as should be necessary to pay his debts and
funeral expenses, not paid from the proceeds of his
moneys and credits ;   (2) to rent the same and pay the
proceeds to his widow during her lifetime ;   and (3)
to sell, within four years after the death of his widow,
and divide the proceeds among certain named benefi-
ciaries, the same being his nephews and nieces.   Mrs.
Noecker elected to take under the law and not under
the will.   A certified copy of the will was duly ad-
mitted to probate in Dickinson county.   The petition
in the action did not affirmatively show, and there is
no claim made, that the proceeds of any portion of
this real estate is needed to pay debts.   Upon these
facts, as shown in the petition and answer filed in the
case, the plaintiffs asked for judgment and partition
of the land as prayed for, to wit, one-half to the trus-
tees, and one-half to Mrs. Noecker.   This was accord-
ingly done by the court below and its action is as-
signed for error here.

Mrs. Noecker claims, first, that, under these facts,
she is the absolute owner of the entire property ; that
while section 7973 of the General Statutes of 1901,
reads that "any married person having no children
may devise one-half of his or her property to other
persons than the husband or wife," yet the provisions
of sections 7937, 7972, 7979 and 7980 of said chapter,
and section 17 of the act concerning descents and dis-
tributions (Gen. Stat. 1901, § 2519), compel us to add
to said section substantially the words, "provided
such husband or wife shall consent thereto" ; that is,
that the right given in section 7973 is subject to the

right of election contained in sections 7979 and 7980 ; that, in short, section 7973, which was passed in 1883, served but to declare the law as it had theretofore existed, and as it had been construed in *Barry v. Barry,* .15 Kan. 587.   We find ourselves unable to agree to this contention.   The case of *Barry v. Barry* was decided in 1875, and declared the law to be, as it then existed, that a widow whose husband had died without issue would take the whole of the husband's estate in a case where he had made a will and she elected to take under the law.   Thereafter, in 1883, section 7973 was passed.   While this section does not in terms say that a husband or wife may devise one-half even as against the election of the other, still such is the clear purpose of the act.   It must be presumed that the legislature would not do a vain thing by putting into the law what this court had already decided the law to be, but rather it must be presumed that the intention was to make some change by the enactment of the new section.

It is strenuously contended that repeals by implication are not favored, and that, if we say that section 7973 permits a husband or wife, without the consent of the other, to bequeath away from him or her one-half of the property, this would amount to a repeal of the law as it had theretofore existed.   We find no fault with the contention that repeals by implication are not to be favored.   The effect, however, of section 7973 cannot be termed a repeal.   It changes and modifies, but does not repeal.   Scope is found for its harmonious application along with the other sections.   They all may stand together, and, standing·together, make the law to be that the husband or wife may will away from the other, without the other's consent, at least one-half of his or her estate and no more, even

when no children are left.   It is the court's duty, if possible, to put such construction on the various portions of the statutes as to give effect to all parts and make an harmonious whole.   The construction here given not only does this, but seems to be the very obvious purpose of section 7973.

The plaintiff in error further contends that, even if she is not the owner of the entire tract but only of an undivided one-half, still the executors had no right to maintain an action in partition.   We disagree with her in this contention.   It is true, if their interest was only to the extent of giving them a right to sell for the payment of debts, they would thereby have no such interest as would permit them to partition, but, in this case, their interest is greater.   The will made them trustees, and authorized them to sell the land for the benefit of the named nephews and nieces of the testator, four years after the death of the widow, the plaintiff in error.   This bequest carried title, with the power to sell, to these executors.   That the widow elected to take one-half of the property in fee simple, rather than to avail herself of the provisions of the will, entitling her to recover the rent, did not defeat this title in these executors.

The will must be administered so far as it can be, notwithstanding Mrs. Noecker's refusal to take under it.   Her election gave her an undivided one-half, and left in the plaintiffs the title to the other undivided one-half in trust.   Whether they, under the terms of the will, could sell this prior to the death of the widow, is not material to this inquiry ; but certain it is that it became the duty of these executors presently to take charge of, and manage, the interest of these nephews and nieces.   This could not be done without partition.   It can hardly be contended that Mrs.

Noecker, after having elected to take under the law rather than under the will, might not have maintained an action for partition of the land.    Surely, if she could have done so, the executors representing the other one-half might do the same.

Finding no error in the action of the court, its judgment will be affirmed.

All the Justices concurring.