ELMER A. HANSON et al., Appellants, v. OSCAR A. HANSON et al., Appellees.

No. 16,179.

SYLLABUS BY THE COURT.

1. WILLS—Husband—Consent of Wife. A married man may, with the consent of his wife given in the manner prescribed by law, dispose of his property by will as if unmarried.

2. ———— Election by Widow. Where a wife has so given her consent to the will of her husband it is not necessary that she should be called upon, after his death, to make an election under section 7979 of the General Statutes of 1901, although she is not named as a beneficiary in the will.

20—81. KAN.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed December 11, 1909. Affirmed.

### STATEMENT.

NOAH HANSON died in the year 1899, leaving a will by which he devised his real estate to his son Oscar, and bequeathed money to his other children, but gave nothing to his wife, who, however, consented to the will in writing, executed in the presence of two witnesses. The will was admitted to probate, but the widow was not required to, and did not, elect whether to take under the law or under the will. She died intestate in the year 1907.

The parties to this action are all children or grandchildren of the testator and his wife, and are their sole heirs at law. The plaintiffs claim that the consent of the wife did not bar her from her interest as widow in her deceased husband's property under the statute of descents; that the parties to this action inherited such interest from her, upon her decease, and are tenants in common thereof; and the plaintiffs sue for partition accordingly. The defendants stand upon the will, and the consent of the wife thereto, and deny that the plaintiffs have any interest in the property.

The question to be decided is whether a wife's consent to her husband's will bars her from any interest in his property after his decease without any election being made by her after his death. The district court held that the widow was so barred, that her heirs had no interest in the property, and gave judgment for the defendants for costs. The plaintiffs appeal.

*J. T. Allensworth,* for the appellants.

*F. M. Pearl,* and *Sample F. Newlon,* for appellee Oscar A. Hanson.

Hanson v. Hanson.

The opinion of the court was delivered by

BENSON, J.: The plaintiffs contend: (1) That the husband could not, even with the wife's consent, devise or bequeath away from her more than one-half of his property; (2) that, in the absence of a citation and election to take under the will, she took one-half under the law; (3) that the consent was void because it did not appear that she had any knowledge of the kind and value of her husband's property; and (4) that the probate court was without jurisdiction to admit the will to probate in the absence of notice to the heirs and others interested.

The statute provides that any person of full age and sound mind and memory may give and devise his property to any person, "subject, nevertheless, to the rights of creditors and to the provisions of this act." (Gen. Stat. 1901, § 7937.) This general authority is limited by section 7972, which declares:

"No man while married shall bequeath away from his wife more than one-half of his property, nor shall any woman while married bequeath away from her husband more than one-half of her property. But either may consent in writing, executed in the presence of two witnesses, that the other may bequeath more than one-half of his or her property from the one so consenting."

It was held in *Barry v. Barry,* 15 Kan. 587, that the first section above cited "can operate to its full extent where a man has no wife, or where he gets her written consent." (Page 590.) Without quoting further, it is sufficient to say that the statutes and this decision dispose of the plaintiffs' first contention.

The next claim is based upon the language of section 7979 of the General Statutes of 1901, namely:

"If any provision be made for a widow in the will of her husband, and she shall not have consented thereto in writing, it shall be the duty of the probate court, forthwith after the probate of such will, to issue a citation to said widow to appear and make her election."

The argument is that there was no "provision" in the will for the wife, and therefore she ought to have been called upon to make her election. Without refining upon the meaning of the word "provision," as here used, it is sufficient to say that effect must be given to all these statutes according to the plain legislative intent. (*Noecker v. Noecker*, 66 Kan. 347.) The right of a husband to dispose of all his property, where the wife has consented in the manner provided by the statute, is plainly declared by sections 7937 and 7972 of the General Statutes of 1901. (*Barry v. Barry*, supra.) This consent is not made to depend on the condition that something shall be given to her by the will. Section 7979 relates to the procedure where such consent has not been given. The use of the word "provision" in that section can not be held to limit or impair the right declared in the preceding sections. The right having been given in plain language, we can not, by a narrow definition, hold that it was taken away or impaired by the rules of practice provided in the same act, unless the language compels it. We ought rather to construe this term as relating to the whole disposition of the property by the will—a disposition in which the wife may be as vitally interested as though she were named as a direct beneficiary. We conclude that an election by the wife after the husband's death is not necessary where she has previously given her consent to his will in the manner prescribed by the statute, although she was not named as a beneficiary in the will.

It is not necessary to comment on the other claims of the plaintiffs. There was no evidence or claim that any fraud was practiced in procuring the consent, and the jurisdiction of the court to admit the will to probate did not depend on notice to the heirs or others. (*Hospital Co. v. Hale*, 69 Kan. 616; *Wright v. Young*, 75 Kan. 287.)

The judgment is affirmed.