FRANK PITTMAN, *Appellee,* v. LOU B. PITTMAN *et al.,*
    *Appellants, and* WILLIAM ROBB, *as Executor, etc.,*
    *Appellee.*

No. 16,190.

SYLLABUS BY THE COURT.

WILLS—*Election by Widow to Take under the Law—Effect on
    the Devises.*   Where a widow, without regard to the provi-
    sions of the will of her deceased husband, elects to take under
    the law of descents and distributions, such election does not
    render the will inoperative.   As between other persons the
    will will be enforced as near in accordance with the intention
    of the testator as it can be.

Appeal from Atchison district court; BENJAMIN F.
HUDSON, judge.   Opinion filed February 12, 1910.   Af-
firmed.

*C. D. Walker,* and *J. L. Berry,* for the appellants.
*C. S. Hull,* for appellee Frank Pittman.

The opinion of the court was delivered by

SMITH, J.: Clark Pittman, by his first wife, was the father of appellee Frank Pittman. Appellant Lou B. Pittman was his second wife, and the other appellants are his children by her. At his death he was the owner of a homestead of 160 acres, which for years had been the homestead of the family, or at least of the widow and her children, and he also owned an eighty-acre tract of land near the homestead. After making provision for his funeral expenses and debts, $500 of which indebtedness was secured by a mortgage on all the land, his will made the following provision for his son Frank:

"I give and bequeath to my son, Frank Pittman, by my former wife, of beloved memory, the following real property, situated in Atchison county, Kansas: The south one-half of the northeast quarter of section 26, township 6, range 19, being the eighty acres situated north of the homestead quarter and adjoining the latter; to have and to hold to him and his heirs forever; and in consideration of the liability said eighty acres of land may fall under, to pay such unsecured debts which I may leave unpaid, and which my nonexempt personal property may be insufficient to pay, it is my will that all of the said mortgage debt of $500, principal and interest, which now covers all my land, both said eighty acres and said homestead, shall be paid out of said homestead quarter alone, and that my son Frank Pittman shall take said eighty acres free from said mortgage."

His widow, Lou B. Pittman, is not named in the will; but one-half of all the remainder of his property, real and personal, after paying the debts and expenses, was devised and bequeathed to his children by her. It was his evident intention to leave the other one-half interest in such property to his widow. The provision for the children reads:

"I give and bequeath to my six children by my present wife—that is, to Lillie Sanders, Homer Pittman,

Grace Armor, Ely C. Pittman, Mamie Pittman and Marcie Pittman, all the balance of the one-half of my entire property, real and personal, of which I may have the ownership at my death, and which may remain after the payment of the said expenses and debts, secured and unsecured, and after deducting the said bequest to my son Frank Pittman, subject to the homestead right of the widow and minor children. And I direct that said children by my present wife take said balance of the one-half of my property which I may lawfully bequeath in equal shares; and when the said homestead shall become subject to legal sale or partition it is my desire that my said wife and her said children by me shall mutually agree upon an amicable division of their respective shares in said property, either in kind or by sale thereof and division of the proceeds; but if such amicable division or partition in kind can not be effected, then I direct my executor to cause said property to be partitioned in the manner provided by law for the partition of real property."

After the death of Clark Pittman the will was probated, and the executor named in the will was appointed. At the time of his death the widow and two of the children, one of whom was still a minor, were residing upon the homestead. After the probate of the will the widow filed in the probate court an election to take all the interest in the property which she was entitled to by the law of descents and distributions, and thereafter brought a suit against Frank Pittman for an allotment to her of a one-half interest in the eighty-acre tract willed to him. She recovered judgment therein for a certain forty acres of the tract, and Frank Pittman acquiesced in the judgment and surrendered possession thereof.

This action was brought by Frank Pittman for compensation for the loss suffered by him through the allotment of one-half of the eighty acres to his stepmother which had been devised to him by the terms of the will. He alleges that the forty acres apportioned to the widow were of the value of $3000, the entire eighty-

acre tract being of the value of $6000, and the value of the homestead being twice the latter amount.

The case was tried to the court, without a jury. The court found as a matter of law that Frank Pittman was entitled to compensation for his loss by the apportionment to the widow, and, evidently deeming the share of the other children in the homestead to be of the same value as the eighty-acre tract willed to Frank, adjudged and declared him to be the owner in fee simple of an undivided forty acres of the homestead.

It is contended on the part of the appellants that the statute vests an absolute estate in the homestead in the widow and children, free from debts. This is probably true as against creditors, and, in the absence of debts and in the absence of a will, the statute vests the legal title to a one-half interest in the homestead in the widow and the other one-half interest in the children. In any event, it vests the right of possession to the homestead in the widow and children until the youngest child becomes of age or until the widow remarries. There is no question as to the rights of creditors in this case, and the question of the devolution of title to the homestead is not entirely governed by the provisions of the statute. The deceased undertook to dispose of eighty acres of his land, apart from the homestead, by will to his son Frank, and a one-half interest in the homestead to his other children. As before said, the will did not name the widow at all, but left one-half interest in the homestead and one-half interest in all the personal property undisposed of, evidently intending the undisposed of portion of his property to descend to his wife. The wife elected to take, under the law of descents and distributions, a one-half interest in all his property, including the eighty acres. By so doing she deprived Frank of one-half of the eighty acres willed to him. The question is whether Frank can be compensated for the loss out of the portion devised to the other children.

The general rule is that where a widow renounces provisions of a will and elects to take under the law, and where devisees or legatees are disappointed in realizing the provisions made for them by the will, the benefits renounced by the widow are equitably applied as far as possible in compensating the losses so sustained by her election. In this case, however, the widow renounced nothing. The election of the widow to take under the law does not render the will inoperative further than as between herself and others claiming portions of the estate. As between other persons, the will will be enforced as near in accordance with the intention of the testator as it can be so enforced. (*Allen v. Hannum,* 15 Kan. 625.) The reading of the will conclusively shows that the testator intended his son Frank to have the eighty acres of land free from any indebtedness. Although it was encumbered with a mortgage of $500, with the other land, he directed that such mortgage be paid out of his other property. Again, his bequest to his other children was qualified by these words: "And after deducting the said bequest to my son Frank Pittman." On the other hand, no unqualified bequest is made to the other children, but a bequest is made subject to the payment of the debts as well as to the bequest to Frank. The other children were residuary legatees in the sense that after paying the debts and funeral expenses they were to have one-half of the remaining personal property as well as one-half interest in the homestead. It is also a general principle that where, under circumstances like these, a bequest is lost by reason of the election of a widow to take under the law, the loss is made good so far as possible out of any residuary property. It does not, however, appear in this case whether there was any residuary personal property after paying the indebtedness and funeral expenses; but it is not contended that the court erred in not so compensating the loss.

The court, we think, correctly construed the will as

clearly intended to give the eighty acres of land to Frank, even if the interest of the other children in the homestead had to be sacrificed in part to discharge the 500-dollar mortgage upon both tracts, and rightly held that the bequest to the other children therein was clearly subsidiary to the devise to Frank. The court undoubtedly found, as alleged in the petition, that the homestead of 160 acres of land was twice the value of the eighty acres, and that an undivided one-fourth interest in the homestead, which would of course come out of the other children's portion (as the widow's portion could not be taken therefor), was an equivalent for the loss sustained by Frank through the election of the widow, and awarded him such undivided one-fourth interest. We think this was as nearly in accordance with the intent of the testator as was possible under the circumstances. (See *Allen v. Hannum,* 15 Kan. 625; *Latta v. Brown,* 96 Tenn. 343, 31 L. R. A. 840, and cases there cited; *Jones' Admr. v. Knappen,* 63 Vt. 391, 14 L. R. A. 293, and note.)

It is incidentally contended in this case that the decision of the court below will naturally result in a partition of the homestead and possibly in a sale thereof in partition. The question is not really involved in this case. The rights of the parties in that regard are determined in *Towle v. Towle,* post, and *Bank v. Carter,* post.

The judgment is affirmed.