No. 18,981.

JOHN G. CHILSON, *Appellant*, v. LULA A. ROGERS et al.,
*Appellees.*

SYLLABUS BY THE COURT.

WILL—*Written Consent to by Husband—Irrevocable.* A written
consent that his wife might devise or bequeath away from
him more than one-half of her property was freely and fairly
executed by the husband in strict compliance with the statute
authorizing such consent after reading the will and learning
the disposition which his wife intended to make of her prop-
erty. Later, and before the death of his wife, he gave her
written notice that he had. revoked the consent previously
given, and after her death he claimed that he was entitled to
one-half of the property of which she died possessed. *Held,*
that the husband did not have the right to revoke the consent
so given and was not entitled to a share of his wife's property.

Appeal from Shawnee district court, division No. 1;
ALSTON W. DANA, judge. Opinion filed January 10,
1914. Affirmed.

*Robert Stone,* and *George T. McDermott,* both of
Topeka, for the appellant.

*Z. T. Hazen, R. H. Gaw,* and *Charles Curtis,* all of
Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action begun by the appel-
lant, John G. Chilson, to set aside the will of his wife,
Cynthia A. Chilson, the question involved is, Can a
consent given by him in pursuance of the statute that
his wife may will from him more than one-half of her
property be revoked? The case was submitted on an
agreed statement of facts which shows that the appel-
lant was sixty-three years of age and Cynthia A.
Chilson sixty-four years of age at the time of their
marriage on March 1, 1903. Mrs. Chilson was the
owner of some property which came to her from a

former marriage. No children were born to them of their marriage, but from a former marriage each had living adult children. On March 30, 1911, and when at the age of seventy-two years, Cynthia A. Chilson executed her last will and testament, leaving all her property to her own children and grandchildren. This was done with the written consent of her husband, which he executed in the presence of two witnesses on March 30, 1911. In a letter written on May 1, 1911, and delivered the following day, to his wife, Chilson undertook to revoke the consent previously given. It appears that appellant had no property of substantial value at the time of his marriage with Cynthia A. Chilson, that he received a pension of $12 a month from the government, which was later increased to $15 a month, that he cared for the property of Cynthia A. Chilson so much as his impaired health would permit, and that his pension together with his other earnings were contributed towards the support of himself and wife. No change in the property rights of either party was made after the will and consent were executed, nor was any change made in the will of Mrs. Chilson before her death, which occurred on October 6, 1912. At that time she was possessed of property of the approximate value of $2953. On the trial the court, on the pleadings and agreed facts, decided in favor of the appellees, holding that the consent given by appellant was still binding upon him. He appeals, and contends that his consent to the will was effectually revoked by his letter of May 1, 1911, and that he is therefore entitled to one-half of the property of Cynthia A. Chilson.

The right to take property either by devise or descent is derived solely from the state and is wholly within the control of the legislature. The husband can only receive a share of a deceased wife's estate or the wife of a deceased husband's estate either by will or inheritance where the statute of the state authorizes it, and

then only in the measure and according to the rules which the statute prescribes. (*Hannon v. Taylor*, 57 Kan. 1, 45 Pac. 51; *The State, ex rel., v. Cline*, ante, p. 416, and cases cited.)

The statute provides that the wife may take one-half of her deceased husband's estate and the husband may take the same share of his deceased wife's estate, and it is further enacted that:

"No man while married shall bequeath away from his wife more than one-half of his property, nor shall any woman while married bequeath away from her husband more than one-half of her property. But either may consent in writing, executed in the presence of two witnesses, that the other may bequeath more than one-half of his or her property from the one so consenting." (Gen. Stat. 1909, § 9811.)

This section not only authorizes the giving of consent but specifically provides the form and manner in which it shall be given. There is no requirement that it shall be attached to or be regarded as a part of the will and it is not necessary that it shall designate the will to which it applies. (*Keeler v. Lauer*, 73 Kan. 388, 85 Pac. 541.) It is enough that a writing freely, fairly and legally made shall express the consent of the husband or wife that the other may bequeath or devise more than one-half of his or her property away from the one consenting. The one to whom it is given is then at liberty to give the share so legally surrendered to whomsoever he may will. It is not necessary that the one consenting shall be given property by the will of the other nor that there shall be any consideration for the consent. (*Hanson v. Hanson*, 81 Kan. 305, 308, 105 Pac. 444.) When such written consent is made in accordance with the statute and delivered to the other spouse it is a binding disposition of a property right unless some statutory authority can be found for revoking or setting it aside. Although definite provisions have been made for executing this consent, none

Chilson v. Rogers.

can be found providing for revoking it. Careful pro-
visions have been made for revoking wills, and it is a
fair inference that if it had been the legislative intent
that a formal written consent could be revoked pro-
visions would have been made for that purpose as to
the time and manner in which it could be done. If
the statutory written consent can be set aside at the
option of the maker, as contended by appellant,
then it would seem that a mere oral revocation would
be effective, and it would be well nigh impossible to
meet a fraudulent claim of a surviving spouse that a
withdrawal of consent had been orally made. The
question of the right of the consenting party to revoke
his consent in a case like this has not been directly
considered, but it was held in *Keeler v. Lauer*, supra,
where the husband after the death of his wife undertook
to nullify a consent previously given, that it was not
then within his power to revoke it. In deciding the
case it was said:

"With this consent Mrs. Heilbrun had a complete
right to dispose of all her property by will." (73
Kan. 396.)

In the absence of statutory authority to do so there
is no more warrant for revoking such a consent before
than after the death of a spouse. It has also been
determined that a consent can not be repudiated or set
aside because of a subsequent discovery that the estate
is larger than the consenting party had supposed, she
having been fully informed as to her rights and hav-
ing given her unconstrained consent. (*Pirtle v. Pirtle*,
84 Kan. 782, 115 Pac. 543.) Of course, a written con-
sent, like other instruments, will not be valid if it is
obtained by deception, undue influence or fraud of any
kind. (*Weisner v. Weisner*, 89 Kan. 352, 131 Pac. 608.)
It is argued that as a will may be revoked at the option
of the maker a consent to the making of that will should
be equally open to revocation, at least until the will

became operative. The consent, as we have seen, is no part of the will, and, being a creature of the statute, can not be annulled or recalled unless provision to do so is made by statute. As it is an independent provision of statute the common-law rules as to marital agreements and relations or as to the mutual wills of husband and wife are not applicable, neither can any aid to the interpretation of our statute be derived from the decisions of the courts of other states upon statutes not like ours. The legislatures of Massachusetts and Colorado enacted laws of similar purport, but no interpretation of the provision in question by the courts of either state has been brought to our attention. The consent provided for is akin to the provision that a widow may elect to take under the law instead of under the will of her husband. (Gen. Stat. 1909, § 9818.) In *Hanson v. Hanson*, 81 Kan. 305, 105 Pac. 444, it was held that where the wife had consented that her husband might dispose of all his property as if unmarried it was not necessary for her, if called upon after his death, to make an election under the provision giving her that right. The election, like the consent, is provided for by statute and no authority is given by statute to recall or revoke such election. It is held that an election freely and intelligently made is a finality which effectually concludes and estops the widow from setting aside her decision or reclaiming the relinquished right. (*Buchanan v. Gibbs*, 26 Kan. 277; *Reville v. Dubach*, 60 Kan. 572, 57 Pac. 522; *Ashelford v. Chapman*, 81 Kan. 312, 105 Pac. 534.)

It appears that the consent of appellant was formally, freely and intelligently given after he had read the written relinquishment as well as the proposed will and had thus learned the disposition which his wife intended to make of her property in pursuance of his consent. The consent was made in strict compliance with the law, and there is no claim that there was over-

persuasion, misrepresentation or fraud practiced in procuring it. No legal ground for setting aside the consent has been suggested. The judgment of the district court will, therefore, be affirmed.