No. 22,000.

HARVEY PRESTON ALLEN and MARY ELLA STRAHM, *Appellees*,
v. CLAIR M. PATEE, *Appellant*.

### SYLLABUS BY THE COURT.

WILL—*Election of Widow to Take Under Statute—Effect on Other Devises.* Upon the facts stated in the opinion, it is held that the election of a widow to take under the statute instead of under her deceased husband's will, does not render it impossible to carry out the intention of the testator, and the rule is applied that where a widow refuses to accept the provisions of her husband's will and takes under the law, the other provisions remain in full force and must be administered so as to effectuate as far as possible the intent of the testator. (*Pittman v. Pittman*, 81 Kan. 643, 107 Pac. 235, and cases cited in the opinion.)

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed March 8, 1919. Reversed.

*John Q. A. Norton,* and *Walter G. Thiele,* both of Lawrence, for the appellant.

*Hugh Means,* and *Raymond F. Rice,* both of Lawrence, for the appellees.

The opinion of the court was delivered by

PORTER, J.: In a suit for partition the only legal question involved relates to the effect upon the right of other devisees, of a widow's election to take under the statute instead of under the will of her husband.

Hugh A. Allen, a resident of Douglas county, died in June, 1911, and left a will by which he bequeathed to his wife, Mary Allen, all his estate during her life. The remainder was disposed of by the following clause:

"After her decease and what remains of my estate, both personal and real, I want divided equally between our three children. Their names as follows: my son (Harvey Preston Allen), my step daughter (Mary Elizabeth Patee), my daughter (Mary Ella Strahm)."

Mary Allen was the testator's second wife. Harvey Preston Allen and Mary Ella Strahm are children by the first wife; Mary Elizabeth Patee was the daughter of Mary Allen by a former marriage. The will was filed in the probate court but

no further action was taken to have it probated. For more than four years thereafter Mrs. Allen continued to occupy the real estate in controversy, expressing no dissatisfaction with the provisions of the will, and apparently the other devisees assumed that its provisions would be carried into effect. Mary Elizabeth Patee, the stepdaughter, died May 24, 1915, intestate, leaving her husband, the defendant, Clair M. Patee, her only heir at law. A month after the daughter's death Mary Allen executed a will making the defendant, her son-in-law, the sole beneficiary. A month later proceedings were taken for the probate of the will of Hugh A. Allen, and Mrs. Allen filed her election to take under the provisions of the law of descents and distributions. At this time she was 84 years of age, and Clair M. Patee was making his home with her. In December, 1916, she died, and her will was duly probated. The two children of Hugh A. Allen sued for partition, claiming that Mrs. Allen had elected to take under her husband's will, and that upon her death one-third of the property passed to each of them and one-third to defendant.

The answer set up both the will of Hugh A. Allen and that of Mrs. Allen and alleged that they had been admitted to probate; that the widow elected to take under the law instead of under her husband's will, and that the defendant, as sole devisee of Mrs. Allen's will, became entitled to one-half of the property, and as the sole heir of Mary Elizabeth Patee, who died intestate, he was entitled to one-third of the other half in the estate, and he asked that the property be partitioned, awarding four-sixths of the interest to him and one-sixth to each of the plaintiffs. The trial court held that by reason of the widow's election to take under the statute "it has become impossible to carry out the intention of the testator, Hugh A. Allen." Partition was ordered; each of the plaintiffs was awarded a one-fourth interest and the defendant was given a one-half interest. He brings the judgment here for review.

To sustain the judgment the plaintiffs urge that the case falls squarely within the principle declared in *Fennell v. Fennell*, 80 Kan. 730, 106 Pac. 1038, where the rule in this state in regard to the effect upon other devisees of the renunciation by a widow of her husband's will is thus stated in the opinion:

"On the other hand, it is insisted by the defendants in error that

where a widow refuses to accept the provisions of her husband's will and takes under the law she thereby defeats the purposes of the testator so far as she is concerned only, and the other provisions still remain in full force and must be administered so as to effectuate the intent of the testator as far as possible. (*Allen v. Hannum*, 15 Kan. 625; *Noecker v. Noecker*, 66 Kan. 347; *Lilly v. Menke*, 126 Mo. 190, 210; 11 A. & E. Encycl. of L. 117.).

"The contention of the defendants in error is undoubtedly the law in cases where it can be applied. When, however, its application will result in the defeat of the manifest intention of the testator, and work an injustice to other heirs, it should not be applied. The rule is intended to be operative with reference to the other provisions of the will only when the intent of the testator can be preserved and followed. It seems impossible to do this under the facts in this case. The widow, by electing to take one-half of the land in fee simple instead of a life-interest in the whole tract, completely changed the subject matter upon which the will was intended to operate, and effectually destroyed the manifest plan and purpose of the testator." (p. 733.)

In *Pittman v. Pittman*, 81 Kan. 643, 107 Pac. 235, the court considered the same doctrine, applied to a different situation, and while not modifying the rule of the Fennell case, *supra*, affirmed the judgment on the ground that the construction thereby given to the will carried out, as nearly as possible under the circumstances, the testator's intent. The argument which the plaintiffs make is that the theory contended for by the defendant in determining the intention of the testator leaves entirely out of account the relationship between Mr. Allen and the beneficiaries named in his will, two of them being his own children, while one was a stepdaughter. It is contended that his desire and intent as shown by the will was, that after his wife's death two-thirds of whatever remained of his property should be divided between the plaintiffs, who are his own children, and that it was obviously not his intention that his stepdaughter should, in any event, receive more than one-third of his property. Therefore, it is said that by the election of the widow to take under the law the whole testamentary plan of the testator was nullified. It is urged that the construction contended for by the defendant leads to an inequitable result and one wholly inconsistent with the evident desire and intention of Mr. Allen. As an illustration, it is said that if Mary Elizabeth Patee had survived her mother, she would have received one-half of the entire estate by her mother's will and an additional one-third of the other half by

virtue of Mr. Allen's will, although the stepfather never intended her to have more than one-third of the entire estate. Some stress is laid upon the fact, too, that defendant, who is now claiming two-thirds of the property, is not mentioned in the will, and it is urged that to sustain his claims would effectually destroy the intention of the testator. These are assumed to be the reasons which controlled the trial court in holding that the manifest intention of the testator could not be carried into effect by reason of the widow's election to take under the statute. On the other hand, the defendant emphasizes the fact that the testator made no distinction in his will between his own children and his stepdaughter; that he mentioned them all as "our children."

Under the previous decisions of this court the law is well settled that where the widow elects to take under the law and not under the will, the remainder of the estate of the deceased will be disposed of according to the will, so far as may be, due regard being paid to the intention of the testator. (*Allen v. Hannum,* 15 Kan. 625; *Noecker v. Noecker,* 66 Kan. 347, 71 Pac. 815; *Pittman v. Pittman,* supra.)

In our opinion, defendant's contentions are correct, and the trial court was in error. The judgment, in effect, disinherits the defendant as an heir of one of the three devisees mentioned in Mr. Allen's will. The testator is presumed to have understood that his wife had the right to refuse to be bound by the provision he had made for her and to elect to take under the statute, and with this knowledge he must be held to have intended that the three children which he refers to as "our children" should be placed upon an equality so far as his own estate was concerned, and that each should have one-third of his estate, which he expressly referred to as "what remains of my estate" after the death of his wife. It may seem inequitable that the defendant, the husband of the stepdaughter, not mentioned in the will, and perhaps not in the testator's mind when the will was executed, should by the widow's renunciation of the will, and the disposition she made of her own half of the property, become entitled to two-thirds of the entire estate. But it must be remembered that one-third of Mr. Allen's estate comes to the defendant by virtue of his being the only heir at law of Mary Elizabeth Patee, whom the testator placed upon an equality with his own children. After she had

renounced the will Mrs. Allen took the title to one-half of the estate to do with as she saw fit. She might have willed all of her half to her own child, and if Mrs. Patee had survived, then the same result would have been reached, and each of the plaintiffs would have received but one-sixth of the estate, instead of one-third, which was doubtless the share Mr. Allen intended they should receive, provided his wife elected to take under the will; and it may be assumed that he expected she would be satisfied with its provisions, and that the other devises were made upon that assumption.

If Mrs. Allen had elected to take under the statute and then had died intestate, leaving Mrs. Patee surviving her, the same result would have followed. Mrs. Patee would have taken two-thirds of the entire estate, and upon her death intestate her husband would have inherited the same two-thirds. Within the rule of the authorities above referred to, we think it is clear that the election of the widow does not render it impossible to carry out what may be said to have been the legal intention of the testator. While the possibility of two-thirds of the entire estate going to a stranger was not actually in his mind, it must be regarded as within the legal intent of the testator. Of course, it was not his intention to deprive his wife of the right to take under the law instead of under the will, because that was beyond his power; and while the probabilities are that the situation as it now exists never occurred to him, it is one which results from the law of descents and distributions. Mr. Allen could have executed a will which would have left half of his property to his own children, and that is all the law permitted him to dispose of absolutely. He might have devised one-third of his estate to the stepdaughter upon condition that the widow elected to take under the will, with a proviso that in case she elected to take under the statute, the stepdaughter should take nothing under his will. But instead of making that kind of a will, he devised to each of the three children an equal share in all of the estate which the law permitted him to dispose of.

It follows that the judgment will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.