No. 35,582

In the Matter of the Estate of F. M. Hoover, Deceased (JOHN M. HOOVER, Executor, Etc., *Appellant,* v. MRS. ALICE HOOVER, *Appellee*).

(127 P. 2d 460)

Opinion filed July 11, 1942.

*Ben Jones,* of Lyons, argued the cause for the appellant.

*Roy C. Davis, Warren H. White, Frank S. Hodge, William H. Vernon, Jr., Eugene A. White,* all of Hutchinson, and *E. L. Baker,* of Lyons, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action originated as an application to probate a will. The will was admitted to probate and certain other proceedings were had. The widow of testator appealed to the district court from various orders of the probate court. She filed a new pleading in the district court which she entitled a statement of position or bill of particulars. The executor of deceased and certain devisees named in the will demurred to that pleading. This demurrer was overruled. They have appealed.

For the purpose of this opinion the facts are undisputed. They are as follows: F. M. Hoover entered into a contract with his wife, Alice, on October 22, 1930. This contract contained, amongst other things, the following provision:

"Said Alice Hoover further agrees that F. M. Hoover shall have and does have the right to make and execute any last will and testament making disposition of his property, real, personal or mixed and of whatsoever kind and wherever situated, as he may see fit and to whomsoever he may desire and

hereby irrevocably consents to the making and execution of such last will and testament."

Hoover died testate on October 9, 1940. In his will after providing for the payment of his debts he left all his property to two grandsons. On October 11, 1940, a petition asking for the probate of the will and the appointment of an executor was filed. The statutory notice of the time and place of the hearing was given. At the time of the hearing on this petition the contract referred to above was introduced in evidence.

On October 25, 1940, the probate court admitted the will to probate and determined that by reason of the contract Alice had conveyed all her interest in the property of Hoover to him and had irrevocably consented for a valuable consideration to the making and execution of the will in question; that no attempt had been made to set this contract aside and that by reason of this contract Alice was estopped from claiming any interest in the estate of Hoover; that she had consented to the making of the will. Judgment was entered in accordance with those findings.

On December 16, 1940, Alice filed an application in the probate court as a surviving spouse asking that certain personal property be set off to her and that the court set apart for her that portion of the estate which she was entitled to take under the laws of intestate succession; on the same date she filed a motion to set aside as much of the order of October 25 as related to the contract to which reference has been made on the ground that she had not been notified that matters pertaining to the contract were to be presented to the court and that nothing in the petition to probate gave her any indication that the matter of her election to take under the will would be brought before the court at that time; that such findings were in direct violation of G. S. 1941 Supp. 59-2233; that the contract did not constitute an election and was invalid; that she had never made an election to take under the will; that the contract was not acted upon by the parties; the consideration recited was never paid and she had been led to believe that the contract had been destroyed; that the order attempted to deprive her of statutory allowances which were due her under G. S. 1939 Supp. 59-403; that the order violated the provisions of G. S. 1941 Supp. 59-404 because there was no express waiver of the statutory allowances provided in G. S. 1941 Supp. 59-404.

On April 28, 1941, the probate court denied Alice's motion to

vacate the order of October 25, 1940, and denied the application for the statutory allowances and her election to take under the law rather than under the will.

On May 23, 1941, Alice gave notice of appeal to the district court. This notice recited that the appeal was from the order of October 25, 1940, admitting the will to probate, in which order the court found that Alice was estopped to claim any interest in the estate; that she had consented to the making and execution of the will; that it was not necessary for her to be cited to make an election thereunder; and also the order of April 29, 1941, in which the court refused to vacate a portion of the order of October 25 and refused her application for statutory allowances and denied her election to take under the law.

Pursuant to G. S. 1941 Supp. 59-2408, the district court required her to file additional pleadings, whereupon she filed a document which she called appellant's statement of position or bill of particulars. In this document she recited the various steps that had been taken in the probate court about as they have been detailed here. She set out various reasons why the order of the probate court of April 28 should be set aside. To this document the executor of the estate filed a motion asking that it be dismissed because the court had no jurisdiction and also a motion to make it more definite and certain. Without any hearing on that motion she filed on December 6, 1941, a new statement of position in which she again set out the various steps that have been referred to here and in which she stated that this order should be set aside insofar as it attempted to enforce the contract on the theory of estoppel or to establish her consent to the will because it was not a consent to take under the will for the reason it was not witnessed by two witnesses, as required by G. S. 1935, 22-238. She further stated that enforcement of the contract was a separate matter and the burden of enforcing it devolved upon the legatees under the will; that the consideration for the contract had failed in that the thousand dollars named in the contract as a consideration was never paid; that F. M. Hoover represented to her that if she signed the contract he would drop all ideas of obtaining a divorce and that shortly prior to the time of the contract Hoover had moved to his farm with a small amount of supplies and he came to Alice and stated to her that if she would go to Lyons and sign the contract he would drop his plans to obtain a divorce and that he would live with her; that Alice did not have

independent advice before signing the contract and did not read it, and within six weeks of signing the contract, December 2, 1930, Hoover filed suit for divorce; that the parties resumed marital relations immediately after signing the contract and continued to live together until the death of F. M. Hoover, and that on January 6, 1931, Hoover orally agreed with Alice to destroy the contract and as evidence of his good faith dismissed the divorce action. She further stated that the contract was not just and equitable in its provisions in that her property was worth not to exceed one thousand dollars and F. M. Hoover had land at least worth ten thousand dollars and money and personal property, the extent of which was never known to her.

The executor demurred to the "statement of position or bill of particulars" filed on September 22, 1941, and the one filed December 6, 1941, and asked that the appeal be dismissed, upon three grounds: (1) The district court of Rice county, Kansas, had no jurisdiction of the person of the executor or the subject of the action; (2) Neither of the documents entitled "Statement of Position, or Bill of Particulars" stated facts sufficient to constitute a cause of action in favor of Alice as against the executor; (3) Any relief asked by Alice and any cause of action attempted to be set forth in either or both such "Statements of Position or Bills of Particulars" was barred by the statute of limitations.

This motion to dismiss and demurrer were overruled by the trial court. Hence this appeal.

The executor points out that the probate court entered its original order on October 25, 1940, and nothing was done by Alice until December 16, 1940, when she filed her motion to set aside the judgment of October 25, and her motion to have certain property set aside to her.

He points out that more than thirty days had intervened between the date of the judgment and the filing of these two applications, and argues that after the lapse of thirty days from the date of the judgment the probate court lost all control over it. He then points out that more than thirty days had elapsed since the making of the order of October 25 before the appeal was taken and argues that pursuant to G. S. 1941 Supp. 59-2404 the appeal had to be taken within thirty days. He then argues that since the time had elapsed for the probate court to change its order before the applications of the widow were filed and since the time for appeal had elapsed the

appeal to the district court was too late and should have been dismissed. This argument overlooks pertinent provisions of the statute relied on.

This was an order admitting a will to probate. G. S. 1941 Supp. 59-2404 provides as follows:

"Such appeal may be taken by any person aggrieved within thirty days after the making of such order, judgment, decree or decision: *Provided,* That an appeal may be taken within nine months from an order admitting, or refusing to admit, a will to probate."

The appeal to the district court from the order of October 25, 1940, was taken May 23, 1941, less than nine months from the date of the order from which the appeal was taken. Alice had nine months within which to appeal from such an order. It is true that Alice only questioned that part of the order having to do with the contract but she should not be deprived of the right to her appeal because the probate court dealt with matters in the order admitting the will to probate that were not properly before it. The matters having to do with the contract were not properly before the probate court because there was no mention of the contract either in the petition or in the notice. Alice was entitled to notice of the fact that the probate court would be asked to pass on the contract. The statutory notice of the hearing on the application to probate the will did not constitute notice to her of any contemplated action with reference to the contract. So much of the judgment of the probate court of October 25 as related to the contract was void.

As to the motion of Alice wherein she asked that certain personal property be set apart to her and in which she stated that she elected to take under the law rather than under the will, we have demonstrated that the action of the probate court in finding that she had by the contract consented to the will was of no effect. Since this is true, then unless she had filed in the probate court an election to take under the will within six months after its probate she should have been deemed to have refused to take under it. (See G. S. 1941 Supp. 59-2233.) She has already stated in her motions that she elected to take under the law. Hence, we are not concerned with the matter of election.

It was the obligation of the executor to raise the issue that the widow had consented to the will by the contract. This properly should have been done in an appropriate proceeding in probate court on proper notice to the widow so that she might have had an oppor-

tunity in probate court to present any reason she might have had as to why she was not bound by the contract. Here, however, the widow attacked the contract by her motion to set apart certain property to her. This motion was overruled by the probate court and she appealed from that ruling amongst others. In her pleading that was filed in the district court at the direction of the district court after she had taken her appeal she alleged that the contract should not be enforced because the consideration had failed, because Hoover had agreed to destroy the contract and because the contract was not just and equitable. In her pleading she set out various facts and circumstances which if they were established by the proof would raise a question of law as to whether the contract was valid. She also set up facts and circumstances which if established by the proof would raise a question of law as to whether the contract met the statutory requirements of a consent. All these matters properly should have been tried out in an appropriate proceeding in probate court. However, since they have now been raised in the pleading filed in district court by the widow at the direction of the court we have concluded that pursuant to G. S. 1941 Supp. 59-2408, the district court should proceed to cause the proper pleadings to be filed and adjudicate all questions as to the binding effect of the contract.

The executor argues that such a holding permits the widow to ignore the contract. Such is not the case, however.

She had a right to present all these matters to the probate court. As we have pointed out, she made a timely effort to do so. This record does not disclose whether the probate court heard her application and motion attacking the order of October 25 on their merits or only denied them because of the question of time which was raised by the executor. The point with which we are now concerned is that she shall have an opportunity to present to the district court any grounds she may have as to why she is not bound by the contract. She had the right to interpose any defense she might have to this contract just as she would to any other contract or even more so on account of the nature of it. In *Williams v. Sechler,* 127 Kan. 314, 273 Pac. 447, we said:

"If the defendant had no knowledge of her rights at the time of signing the consent to the will she cannot be held to have confirmed or approved it, and her consent cannot have amounted to a legal agreement to relinquish her statutory share. (*Jack v. Hooker,* 71 Kan. 652, 81 Pac. 203.) The plaintiff contends that it is not necessary for the widow to make an election where consent is given. (*Hanson v. Hanson,* 81 Kan. 305, 105 Pac. 444.) This is the general

rule. There are, however, conditions under which the general rule does not apply; where, as in this case, the consent is not fairly and understandingly given, the rule has no application. In view of the fact that the defendant was requested by her husband to sign the will without knowledge of her legal rights and without explanation of the effect upon her rights to her husband's property if she consented, we think the court was fully justified in its finding that her consent was not understandingly given." (p. 317.)

See, also, *Menke v. Duwe et al.*, 117 Kan. 207, 230 Pac. 1065. The judgment of the trial court is affirmed.

HARVEY, J., concurs in the result.