ISABELLA H. V. BUDD AND HER HUSBAND v. RUFUS L. FISH-
ER AND OTHERS.

A provision in a will, to the effect that all the property of the testator shall be
    kept together for the support, education, &c., of his family, until the young-
    est child shall arrive at the age of twelve years, and under no pretext to be
    sold, except, &c., is an infringement of the rights of forced heirs who are
    adults, and, on application of such forced heir, will be set aside; but only as
    to the three-fourths of the estate, if the other heirs so require.
It seems that a like provision, with the qualification that as each heir became
    of age, his share should be set apart to him, might be held not to be an in-
    fringement of the rights of forced heirs.

Error from Fayette ; returned to Austin, instead of Galveston, by consent. Tried below before the Hon. Thomas H. DuVal.

*S. S. Munger,* for plaintiffs in error.

HEMPHILL, CH. J. This is a suit to set aside the will, or pretended will, of Thomas D. Fisher, deceased. The plaintiffs are a daughter of the deceased, joined by her husband, John Budd. The substance of the petition, so far as it may be necessary to state the same, is, that the will was an inchoate instrument, not intended by decedent as his will, and was abandoned ; that the instrument was presented to the County Court, and that the order admitting it to record was no sufficient adjudication that it was the last will of the deceased ; that there was no grant of letters of administration with the will annexed, &c.; that the instrument was intended as a will only in the event of survivorship by the wife of the deceased, and that she departed this life a few days previous to his death : that the provisions of the will are in contravention of the statute in relation to forced heirs, and therefore void ; that he left ten children surviving, who are named, all of whom are prayed to be made defendants, with the exception of Isabella, who is plaintiff ; that the youngest was less than one year old at the death of the said Thomas D. Fisher. Petitioners pray that the pretended will may be declared null and void. and the estate distributed according to law.

The will was annexed to the petition. The testator states that his object in making a will, was to secure a competency to his wife, and an equal distribution of his property among his children, at the least expense. He bequeathes by the first Section, all of his property remaining after payment of his debts to his wife during her natural life or widowhood, with such exceptions as are afterwards stated. In succeeding Sections

Budd . v.   Fisher.

he directs an advancement to be made to each child on arriving at twelve years of age, and that his property should be kept together for the support, education, &c., of his family, until his youngest child may arrive at twelve years of age, and under no pretext to be sold, except for the absolute neces sity of maintainance of the family should the wife die or marry previous thereto.   Should the wife marry, a good guardian is to be appointed for his children.   On the death of the wife, provided the youngest child has attained twelve years of age, all the property to be equally divided among his children. The wife is vested with full power to comply with the will, without responsibility to the County Court, provided she does not exceed the authority given.

The inventory shows that the whole estate is community property.   The defendants demurred to the petition.   Their demurrer was sustained, and the plaintiff sued out a writ of error.

Several of the grounds against the validity of the will, as alleged in the petition, have been insisted upon by the plaintiffs in error.   But one of these, however, will be considered, viz : that the will is in contravention of the statute inhibiting the disinherison of children by parents.   We may remark, however, that there is some plausibility in the objections, that the instrument is really not the last will or the exponent of the final intentions of the deceased.   The survivorship of the wife, her rights and duties, and the confidence reposed in her, were prominent objects in the mind of the deceased at the time of writing the will ; and though provision is made for the appointment of a guardian for the children, in the event of second marriage by the wife, yet, without explanation, it is certainly a strange circumstance that he did not, on the death of his wife, remodel his will and appoint a guardian for his children. But to the question for consideration, viz : whether the provision requiring the property to be kept together until the youngest child should attain the age of twelve years, is an

infringement of the legal rights of the plaintiff, Isabella, as forced heir of the deceased.

By the Act of 1837, (Hart. Dig. Art. 3251,) the law of forced heirship, as it then existed, was modified, and the right restricted to legitimate heirs alone. By the 13th Section of the statute of wills, (Hart. Dig. Art. 3263,) parents were prohibited from disinheriting their children, unless for just causes which were specified; but by the 15th Section, parents might dispose of the one fourth of their estates by last wills or donations in last sickness. The law, as thus arranged, invests children with the quality of forced heirs and an absolute right to a portion of the estate of a deceased parent, a right independent of the intentions of the testator, as they may be expressed by his last will and testament. Can the parent impose any restrictions or conditions on the enjoyment or right in this property, which the law has thus removed beyond his testamentary power, and declared that the child shall not be excluded from such portion of the inheritance. If so, the law might, by contrivance, be evaded, and the right of children, though guaranteed by law, virtually defeated. If the heir may be postponed and delayed in the possession and enjoyment of his property for eleven years, he may be for twenty. One or more life estates might be interposed, and yet, as the child would have the remainder, it might, according to this view, be said that there was no infringement of the law, for that only prohibited entire disinherison. But such, it is conceived, is not the true view and intent of the statute. The prohibition against disinheriting a child, to be effectual and to accomplish the purposes of protection for which it was designed, must include every act which would defeat not only the right, but which would obstruct the beneficial enjoyment of the property secured to the heir by the law. To deprive a child, after, marriage or majority, of his property for eleven years, would be a most serious encroachment on his rights. Under this will the property is to be kept together for the benefit of the

family. In most cases, married or adult children would constitute no part of the family, and they would, under such provisions, lose all benefit from the property. Life is uncertain. It might very probably end before the lapse of eleven years; and thus a forced heir might live for eight or ten years in poverty and distress, excluded from property which belongs to him as forced heir, and of which he is deprived, not by an open disinherison, but by a scheme of postponement, which is really equivalent, and which must consequently be regarded as a mere fraud and evasion of the law, and consequently ineffectual and void.

Whether such provision might not be good, where all the heirs are minors, and would manifestly operate to their advantage, need not be discussed. There would be great difficulty in sustaining it under any aspect. The children might have different guardians, and after fourteen they would have the right to choose guardians for themselves, and if these were to insist on the delivery of the property, it might be difficult to refuse, under the law, such demand. But where some of the heirs are adults there is no question but that such provision is in contravention of their legal rights.

The parent has the power to dispose of the one-fourth, and those representing the minors in this case may, if they deem it advantageous, have the decree so made as to retain the one-fourth together until the time limited in the will for distribution. This would perhaps not constitute a large amount, as from the inventory the property appears to belong to the community, to the one half of which the children are entitled as heirs of the wife.

We are of opinion that there is error in the judgment, and it is ordered that the same be reversed and cause remanded.

Reversed and remanded.