JOSEPH FENNELL et al., v. JOHN FENNELL et al.

No. 16,154.

### SYLLABUS BY THE COURT.

1. WILLS—*Renunciation by Widow—Effect on Other Devisees.* Where a widow renounces the will of her husband and elects to take under the law, and her portion as provided by the statute of descents and distributions is set aside to her, if the estate is then in such a condition that the remaining provisions of the will can not be enforced consistently with the intent of the testator they will be disregarded, and the remainder of the estate will be distributed under the statute of descents and distributions the same as if no will had been made.

2. ——— *Same.* A testator devised to his widow a life-estate in his real estate and provided that after her death his son Joseph should have seventy acres in fee simple, which included the homestead; that his son Enos should receive the sum of $500 upon the death of the widow; and that the land remaining should go in fee simple to his other children equally. The widow renounced the will and elected to take under the law. By proceedings had for that purpose her portion of the real estate was set apart to her in fee simple, which included the seventy acres devised to Joseph. An action of partition was commenced in the district court, in

which the allotment to the widow was adopted, while Joseph was denied any rights either under the law or the will. *Held*, error.

Error from Jackson district court; MARSHALL GEP-HART, judge. Opinion filed October 9, 1909. Reversed.

### STATEMENT.

THOMAS FENNELL lived in Jackson county, Kansas, and was the owner of a half-section of land in that county, being the east half of section 5, in township 9, of range 13. The amount of his personal property, if any, does not appear. On the 26th day of March, 1907, he died, leaving a widow—Anne Fennell, four sons—Edward, Joseph, Enos, and John, and three daughters—Lucy, Catherine, and Anne. On the 16th day of August, 1906, Thomas Fennell executed a will, which was duly probated April 10, 1907. The widow, upon regular proceedings had for the purpose of obtaining her election between her rights under the statute of descents and distributions and the provisions of the will, elected to take under the law and not in accordance with the will.

By the provisions of the will the testator devised to his widow a life-estate in all of his property. After her death the son Enos was to be paid the sum of $500 cash; the son Joseph was to have in fee simple the south seventy acres of the south half of the southeast quarter of section 5, township 9, of range 13 east of the sixth principal meridian, in Jackson county, Kansas; the remainder of the land was to be divided among the other children, share and share alike. The testator at the time of his death resided upon the land devised, and occupied it as his homestead, the residence being upon the south half of the tract. After her renunciation of the will the widow made application to the probate court to have one-half in value of the real estate owned by her husband at the time of his death

allotted and set off to her.   Proceedings were com-
menced for that purpose, and commissioners were ap-
pointed who proceeded to make such an allotment.
They set apart for the widow the south 122 acres of
the half-section, which included all of the seventy acres
named in the will for Joseph.   The commissioners
made a report of their proceedings to the probate court,
where it was duly confirmed and an order made in
accordance therewith.   Due notice was given of this
proceeding to all parties interested in the land.   No
objection was made or exception taken to this action
of the probate court.

Afterward this action was commenced in the district
court of Jackson county by Joseph and Enos Fennell
against the other parties interested in the estate of
Thomas Fennell to obtain partition of the land among
the widow and children under the law of descents and
distributions, as though no will had been made by
Thomas Fennell.   The parties appeared and a trial was
had to the court, in which the court found that the land
set apart to the widow was properly allotted and she
was the owner thereof.   The remainder of the land
was partitioned to the children other than Joseph and
Enos share and share alike, as provided by the will,
which left Joseph with nothing, his portion as provided
by the will having been allotted to the widow.   To this
Joseph and Enos except and bring the case here for
review.

*Z. T. Hazen,* and *R. H. Gaw,* for the plaintiffs in
error.

*A. E. Crane, F. T. Woodburn, E. D. Woodburn,* and
*Charles Hayden,* for the defendants in error.

The opinion of the court was delivered by

GRAVES, J.: It is contended by the plaintiffs in error
that when the widow elected to take under the statute
and her part of the land was set apart to her the will

thereby became nugatory, because it was impossible thereafter to effectuate the intent of the testator as evidenced by the will. On the other hand, it is insisted by the defendants in error that where a widow refuses to accept the provisions of her husband's will and takes under the law she thereby defeats the purposes of the testator so far as she is concerned only, and the other provisions still remain in full force and must be administered so as to effectuate the intent of the testator as far as possible. (*Allen v. Hannun,* 15 Kan. 625; *Noecker v. Noecker,* 66 Kan. 347; *Lilly v. Menke,* 126 Mo. 190, 210; 11 A. & E. Encycl. of L. 117.)

The contention of the defendants in error is undoubtedly the law in cases where it can be applied. When, however, its application will result in the defeat of the manifest intention of the testator, and work an injustice to other heirs, it should not be applied. The rule is intended to be operative with reference to the other provisions of the will only when the intent of the testator can be preserved and followed. It seems impossible to do this under the facts of this case. The widow, by electing to take one-half of the land in fee simple instead of a life-interest in the whole tract, completely changed the subject-matter upon which the will was intended to operate, and effectually destroyed the manifest plan and purpose of the testator.

When a clause in a will is adjudged to be invalid the effect of such adjudication upon other clauses depends upon circumstances. Where the several clauses are independent and separate from the void clause, so they can be enforced consistently with the testator's intent, they will stand and be administered; but if the void clause is so connected with the general scheme of the testator that it can not be consistently separated therefrom the whole will must be held invalid. In volume 30 of the American and English Encyclopædia of Law, at page 665, it is said:

"Where effect can not be given to the whole will, or

to an entire provision thereof, consistently with the rules of law, any part of it which is conformable to such rules will be upheld, if it can be separated from the rest of the will without violating the testator's general intent; but if such void clause is so connected with the general scheme of the testator that it can not be consistently separated and disconnected therefrom, the whole will or provision is thereby invalidated."

The syllabus to the case of *Reid v. Voorhees,* 216 Ill. 236, as reported in volume 3 of the American and English Annotated Cases, at page 946, reads:

"Although it is a general rule that where dispositions of a will are independent such dispositions as are contrary to law may be rejected without affecting those which are valid, it is necessary to consider the general scheme and intention of the testator and the effect which the rejection of an invalid disposition will have upon that general scheme and upon the shares of the intended objects of his bounty.. Thus, where a testator who has no nearer heirs gives by one clause in his will property amounting to practically one-half of his estate to the children of a deceased sister, and by other clauses gives certain property comprising the remainder of his estate to the children of a deceased brother, he thereby manifests an intention that the two sets of representatives designated shall share his estate in something like equal proportions, and if the clauses of the will in favor of the children of the deceased brother are void as violating the rule against perpetuities the clause for the benefit of the children of the deceased sister will also be rejected, so that those intended by the testator to take may take by the law of descent in two equal portions in substantial accordance with the manifest purpose of the will."

Elaborate notes are given with each of these citations, where the authorities are collected from many states and seem abundantly to support this proposition. (As bearing further upon this question, see *Holdren v. Holdren,* 78 Ohio St. 276; *Sevier v. Woodson,* 205 Mo. 202.)

The decree of the trial court shows quite clearly the difference between the will as executed by the testator and as administered. The widow, instead of receiving

Fennell v. Fennell.

a life-estate in all of the land as provided by the will, took one-half in fee simple; Joseph, whom the testator intended to favor by giving him seventy acres of the homestead, received nothing; the legacy of $500 to Enos was ordered to be paid immediately, instead of after the death of the widow, as intended by the testator; the other children were given the real estate remaining after the allotment to the widow in fee simple, at once, instead of after the death of the widow, as the testator intended. The will itself and the surrounding circumstances indicate quite clearly that the testator did not intend to make such disposition of his property. In view of the generous devise made by the testator to his son Joseph, as compared with the other children, it can not be reasonably assumed that he intended the other children to take, under any contingency, all of the land subject to his disposition, leaving Joseph with nothing.

The rule that a testator is supposed to know the law when he executes a will, and will therefore be presumed to have contemplated that it might be held invalid in part and to have intended that in that event the other clauses should be enforced as written, can not be applied here without making a disposition of his property which is clearly contrary to his wish. This rule may doubtless be justly applied in some cases, but here it would result in defeating the very object for which it was created. In our view it is impossible to carry out the will of the testator by enforcing any part of the will, and therefore it should be set aside as a whole and the property remaining after the allotment to the widow partitioned among the children the same as if no will had been made.

The judgment of the district court is reversed, with direction to proceed in accordance with the views herein expressed.