**HILL v. BUCKHOLTS, Trustee, et al.**

No. 9609.—Opinion Filed July 29, 1919.

(Syllabus by the Court.)

### 1. Wills—Exclusion of Wife—Invalid Trust.

Under section 8341, Rev. Laws Okla. 1910, husband and wife while married become each the forced heir of the other to the extent of one-third of the property owned by each respectively, which interest cannot be bequeathed by the owner from said heir, and where the property is real estate the estate of the owner therein is meant whether it be the fee or a lesser estate. Further held that where the will of the husband bequeathed to his wife one-third of his real estate, and the remaining two-thirds to certain of his children, naming them, and all of such real estate to H. "To have and to hold the same, upon trust, for the wife and children, one-third to the wife and one-ninth to each of said children, in the proportions aforesaid, and to take possession, management and control of said real estate, and to rent the same, on any terms and in any manner as he in his discretion shall deem for the best interest of my estate, and to execute and deliver good and sufficient contracts therefor, during the term until my youngest child then living shall become of age, and as soon as practical after that event, to be conveyed in fee, an undivided one-third interest to my said wife and one-ninth interest to each of my said named children and each of their heirs and assigns forever," and during the trust period receive the rents, issues and profits therefrom and to apply the net income to the use of the wife and children in the proportions

aforesaid, further held, that the trust provision was an infringement of the rights of the wife, and in contravention of the statute in relation to her as forced heir, and therefore void as to her.

### 2. Same—Contest — Issues—Construction of Will.

In proceedings to probate a will under Rev. Laws 1910, secs. 6210, .6211, the only issue triable is the factum of the will, or the question of devisavit vel non. Under this issue the court had no jurisdiction to construe the will or try the validity of any devise therein.

### 3. Judgment—Res. Adjudicata.

In order to make a matter res adjudicata, there must be a concurrence of the four conditions following, namely: (1) Identity in the thing sued for (or subject-matter of the suit): (2) Identity of the cause of action; (3) Identity of persons or parties to the action; (4) Identity of the quality in the persons for or against whom the claim is made.

### 4. Wills—Ejectment—Sufficiency of Petition.

Petition of the plaintiff examined and held: that the same stated a cause of action in favor of the plaintiff and it was error to have sustained a demurrer thereto.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by Mattie Hill against W. E. Buckholts, trustee, et al. Judgment for defendants, and plaintiff brings error. Reversed and remanded with directions.

Blanton & Andrews, for plaintiff in error.

R. E. Bowling, for defendants in error.

JOHNSON, J. This is a proceeding in error prosecuted by the plaintiff in error, Mattie Hill, on a transcript of the record, coming from the district court of Garvin county, Oklahoma.

On the 19th day of January, 1913, John T. Hill, a resident of Garvin county, Oklahoma, died testate, leaving surviving him the plaintiff in error, Mattie Hill, his widow, and seven children, two of whom, under the terms of his will were practically disinherited.

By the terms of his last will and testament, he devised all his property, real and personal, to a trustee, A. R. Hickam, to be held by the said A. R. Hickam as trustee until his youngest child, Ruth Hill, then six years of age, should arrive at her majority, at which time his said trustee was authorized and directed to convey an undivided one-third interest in said property to the plaintiff in error, Mattie Hill, and the remaining two-thirds to certain surviving children. This will was duly probated by the county court of Garvin county, Oklahoma, and the order admitting the same to probate remains in full force and effect.

On the 18th day of March, 1914, there was an order made in the said cause distributing the estate of the said John T. Hill to the devisees mentioned in said will in the proportion of one-third thereof to the plaintiff in error and the remaining two-thirds to the other devisees mentioned therein.

On November 14th, 1916, the plaintiff in error, Mattie Hill, filed her petition in the district court for Garvin county, Oklahoma, complaining of the defendant in error, W. E. Buckholts, and the other defendants in error, mentioned in said petition as the remaining devisees and legatees of the said John T. Hill under the terms of said will, as defendants. In this petition she sought a recovery of her undivided one-third interest in and to all the real and personal estate of the said John T. Hill.

The trustee, W. E. Buckholts, filed a demurrer to this petition and predicated his objections to the petition upon two grounds; the first, that the petition did not state facts sufficient to entitle plaintiff to recover said interest in the personal property, and the second, that the said petition did not state facts sufficient to entitle plaintiff to recover said interest in the real estate of the said John T. Hill. The first ground of the demurrer being overruled, the question of the right to the personal property is not involved in this action. The second ground of the demurrer being sustained and the plaintiff in error being thereby denied of her right to recover her interest in the real estate at this time, she appeals to this court.

The petition of the plaintiff in error, omitting the style of the action, is in words and figures as follows:

"Now comes the petitioner, Mattie Hill, and respectfully represents and shows to the court that she is a resident of Pauls Valley, Garvin county, Oklahoma, and that the defendants and each of them are residents of Garvin county, Oklahoma, and service of process can be had upon them in said action, and that the lands and tenements sought to be partitioned and secured by this proceeding are largely situated in Garvin county, Oklahoma, and that administration on the estate of John T. Hill, deceased, was had in said Garvin county, Oklahoma; that W. E. Buckholts is trustee of said estate under a trust proceeding pending in the district court of Garvin county, Oklahoma.

"For her cause of action petitioner says that on the 11th day of November, 1902, she was married to John T. Hill in what is now Garvin county, Oklahoma, and thereafter they lived together as husband and wife until the date of his death: that the said John T. Hill died testate a resident of Garvin county, Oklahoma, on the 19th day of January, 1913; that thereafter the will of the said John T. Hill, deceased, was offered for probate in the county court of Garvin county, Oklahoma, and that by order and decree of said court, said will was admitted to probate and that the probate thereof and the validity of said will sustained by the district court of Garvin county, Oklahoma, and the Supreme Court of the State of Oklahoma upon proceedings had therein contesting said will.

"Petitioner says that a copy of said will and the order of the county court of Garvin county, Oklahoma, admitting said will to probate are attached hereto, marked 'Exhibits A and B, respectively, and made a part of this petition.

"Now, this petitioner says that she is the surviving widow of the said John T. Hill; that as such the said John T. Hill could not will from her more than two-thirds of his said estate; that under and by virtue of the terms of said will, this petitioner is entitled to an undivided one-third interest in all the estate of the said John T. Hill, deceased, and that her right to take said property is adjudicated and determined by the orders of the county court of Garvin county, Oklahoma, admitting said will to probate and under the further administration of said estate.

"Now, petitioner says that under the terms of said will it is sought to prohibit her from having possession of said property and alienating the same for a period of about 12 years and a period of about eight years from this date, and this petitioner says that the provision of said will seeking to prevent the alienation, management, possession and control of said property by this petitioner is void and without force and effect as to her and that she is entitled to the possession of the said property and the control thereof, and the right to dispose of the same at will.

"This petitioner says that administration upon the estate of the said John T. Hill, deceased, has been closed in the county court of Garvin county, Oklahoma, and that a copy of the order of said county court finally closing and disposing of said estate is hereto attached marked 'Exhibit C,' and made a part of this petition.

"This petitioner says that thereafter and without the consent of this plaintiff, there was appointed in the district court of Garvin county, Oklahoma, a trustee authorized and empowered and authorizing him to take charge of all the property of the said John T. Hill, deceased, and to manage, direct and control said property; that W. E. Buckholts, one of the defendants herein, was appointed such trustee, and that as such trustee the said W. E. Buckholts is now in possession of said property and refuses to permit her to manage, control or occupy said property belonging to her and is now demanding the right to manage, control and use of said property for a period of eight years yet to come.

"Petitioner says that at the time of the death of the said John T. Hill he left surviving him seven children, James A. Hill, William Riley Hill, John Edgar Hill, Euda Polk, Susie Hill, now Peevey, Harry Vernon Hill, Tom Hill, and Ruth Hill; that by the terms of the will of the said John T. Hill, the said James A. Hill and the said Euda Polk took no interest in the property now in the hands of W. E. Buckholts as trustee, and took no interst in any of the property belonging to John T. Hill, deceased, and are not interested in this proceeding, except that to the said James A. Hill, there was willed a certain note and the sum of $1.00, which said money and property have been tendered to the said James A. Hill by the executor under the will of John T. Hill, deceased; that said note so willed to the said James A. Hill was a note executed by the said James A. Hill to John T. Hill, deceased; that said note is without value and that the same is not in the hands of the trustee, W. E. Buckholts, and that he is not asserting any right or claim thereto, and that the said James A. Hill has no claim in the property sought to be recovered in this action.

"This petitioner says that Tom Hill died unmarried, intestate and without issue in Garvin county, Oklahoma, on the 27th day of January, 1913, and that under and by virtue of the terms of the will of John T. Hill, deceased, that the interest which the said Tom Hill took in said property reverted to and became the property of William Riley Hill, John Edgar Hill, Susie Hill now Peevey, Harry Vernon Hill and Ruth Hill.

"Further, this petitioner says that at the time of the death of the said John T. Hill, deceased, he owned an estate of the value of about $60,000.00, and that an inventory of said estate of John T. Hill was filed by the executor under the will of John T. Hill, deceased, and that the property belonging to the said John T. Hill, deceased, as disclosed by said inventory, is as follows:

"A minute description of the real estate belonging to the estate of John T. Hill, consisting of business property and residences in the City of Pauls Valley, Oklahoma, and about 1200 or 1500 acres of real estate situated in Garvin county, Oklahoma, a lot of live stock and other personal property of the aggregate value of about $20,000.00 and notes and accounts of the value of about $8,000.00 or $10,000.00."

"Now this petitioner says that under the facts above set forth; under the terms of the will of J. T. Hill, deceased, and under the law in force at the time of his death, that she is entitled to an undivided one-

third interest therein, and is entitled to have the same partitioned and set aside to her and the possession, control, management, use and right to dispose of the same decreed to her by this court."

Exhibit C to the plaintiff's petition is a copy of the decree of distribution made by the county court of Garvin county in the matter of the administration of the estate of John T. Hill, deceased, on the 18th day of March, 1914, and in the matter of the distribution of said estate it was ordered as follows:

"It is further ordered, adjudged, and decreed by the court that all the estate of the late John T. Hill, which remains unadministered be, and the same is hereby distributed and vested in the legatees mentioned in his will in the following proportions, to wit:

"Mrs. Mattie Hill, an undivided one-third interest, and John Edgar Hill, William Riley Hill, Harry Vernon Hill, Susie Hill, and Ruth Hill, an undivided two-fifteenths interest each.

"It is further ordered, adjudged and decreed by this court that Mrs. Mattie Hill is the absolute owner of an undivided one-third interest in and to all of said property belonging to the estate of the said John T. Hill, and that each of the following parties, John Edgar Hill, William Riley Hill, Harry Vernon Hill, Susie Hill and Ruth Hill, is the owner of an undivided two-fifteenth interest therein, and that they are hereby vested with absolute title in and to said property, in said proportion, and the same is hereby distributed to them to have and to hold unto them, and their heirs, in said proportion."

It will be seen from the allegations of the plaintiff's petition that her cause of action is one for recovery of a one-third interest in the property of her deceased husband, John T. Hill, and for partition, and that the demurrer of the defendant challenged the sufficiency of the petition, first, as to personal property, and, second, as to real estate sought to be recovered. And it appears from the record that the trial court overruled the demurrer of the defendant as to the first paragraph thereof, and sustained the same as to the second paragraph thereof. And it is from the action of the court in sustaining the demurrer as to the second paragraph thereof that this appeal is prosecuted.

The only assignment of error which the plaintiff in error makes for the reversal of this case is the following:

"The court erred in sustaining the second ground or paragraph of the special demurrer filed by the defendant, W. E. Buckholts, to her petition, wherein the said defendant,

Buckholts, demurred to all that part and portion of the plaintiff's petition in which this plaintiff in error sought to recover, and have set apart to her, certain portions of the real estate of her late husband, John T. Hill."

And in support thereof she says:

"By the above assignment of error but two questions are presented for consideration. The first is whether or not the husband can by his last will and testament devise away from his wife more than one-third of the property. The second is whether or not the will in the case at bar gives to the wife as much as one-third of the property of the deceased.

"By section 8341 of the Revised Laws of Oklahoma of 1910 it is provided: 'Every estate and interest in real or personal property to which heirs, husband, widow, or next of kin might succeed, may be disposed of by will; provided, that no marriage contract in writing has been entered into between the parties; no man while married shall bequeath more than two-thirds of his property away from his wife, nor shall any woman while married bequeath more than two-thirds of her property away from her husband; provided, further, that no person who is prevented by law from alienating, conveying or encumbering real property while living shall be allowed to bequeath same by will.'"

The defendants' answer to this contention of plaintiff is stated in their brief as follows:

"The only question raised in this case is whether the will in question is valid in the face of our statute, sec. 8341, Revised Laws 1910, supra. The plaintiffs in error on this point plead as follows:

"'For her cause of action petitioner says that on the 11th day of November, 1905, she was married to John T. Hill in what is now Garvin county, Oklahoma, and thereafter they lived together as husband and wife until the date of his death; that said John T. Hill died testate a resident of Garvin county, Oklahoma, on the 19th day of January, 1913; that thereafter the will of the said John T. Hill, deceased, was offered for probate in the county court of Garvin county, Oklahoma, and that by an order and decree of said court said will was admitted to probate, and that the probate thereof and the validity of said will sustained by the district court of Garvin county, Oklahoma, and the Supreme Court of the State of Oklahoma upon proceedings had therein contesting said will.'

"Petitioner says that a copy of said will and the order of the county court of Garvin county, Oklahoma, admitting said will to probate are attached hereto, marked 'Exhibit A and B' respectively and made a part of this petition * * * Now, petitioner says that under the terms of said will it is sought to prohibit her from having possession of said property and alienating the

same for a period of about 12 years and a period of about eight years from this date, and this petitioner says that the provision of said will seeking to prevent the alienation, management, possession and control of said property by this petitioner is void and without force and effect as to her and that she is entitled to the possession of the said property, and the control thereof, and the right to dispose of the same at will***. Now we submit that is exactly what the plaintiff in error received under this will. The will is quoted in full in the brief of the plaintiff in error and under paragraph two provides, among other things, as follows:*** In the portion following, to wit: 'one-third to my wife, Mattie Hill, and one-ninth to each of my said children, William Riley Hill, John Edgar Hill, Harry Vernon Hill, Susie Peevey, and Ruth Hill, *** following the statute.

"So far they don't complain. The part they complain of is the trust feature of the will, wherein the real property is to be held by trustee till the children become of age, then the real question is, whether or not the will in question bequeathed to the wife, the plaintiff in error, one-third of the property."

The foregoing excerpts from the briefs of counsel, we think, clearly state the issues of law involved in this appeal. On account of the large amount involved in this litigation and the importance of the legal question to be determined we think that so much of the history of the controversy between the parties and their exact status herein as the same is disclosed by the records of this court is called for at this point, in order that a clear understanding may be had by all, as to the issues involved and herein determined.

John T. Hill died January 19, 1913, leaving surviving him James A. Hill, a son by his first marriage; William Riley Hill, John Edgar Hill, Harry Vernon Hill, Susie Hill, Ude Polk (nee Hill), and Thomas J. Hill, children by his second marriage, and Mattie Hill, his wife, and Ruth Hill, a child by his third marriage; and leaving an estate consisting of real and personal property of the total appraised value of $72,048.42. Prior to his death he had executed a will wherein A. R. Hickam was named as trustee, in which he devised his property to said trustee, with directions to manage and control the real estate, to rent the same on any terms and in any manner as he in his discretion might deem for the best interest of the estate, and collect the rents thereon, until his youngest child should become of age, and then to convey in fee simple to the wife and children then living the real estate, in the proportion therein named; and said will contained an additional stipulation that, in the event of the death of any of the heirs therein named, the part that would have fallen to said heir

should be distributed according to the directions in said will, and contained the further provision for the disposition of the personal property and for the maintenance and education of the minors. This will was admitted to probate on February 7, 1913, in the county court of Garvin county, and letters testamentary were issued to the trustee therein named, who qualified and entered upon the discharge of his duties.

On April 24, 1913, certain of the heirs filed a petition in the district court of Garvin county, in which they sought to have said will declared void by reason of the trust provisions therein contained (and failing in this, sought to have the property conveyed by said will declared to be in the property of the deceased accumulated by him during coverture with his second wife, and as a result of the management and control of the property of the plaintiffs), and sought to have an accounting with the estate of said John T. Hill, and to have set aside and delivered to them from said estate such real and personal property as might be found to be due them. To this petition the executor and trustee, A. R. Hickam, and defendants Mattie Hill and Ruth Hill filed demurrers, challenging the sufficiency of the allegations in the fourth paragraph thereof; and defendant James A. Hill joined in the presentation of said demurrer. At the hearing upon the demurrers the same were sustained, and the trust provisions of the will held to be valid, and from the ruling of the court upon this demurrer an appeal was taken, and petition in error and case-made attached thereto were filed in this court on July 13, 1913, being Case No. 5411; which judgment was affirmed by this court (54 Okla. 441, 153 Pac. 1185).

But while the above appeal was pending in this court, on to wit, February 24, 1914, all the heirs except James A. Hill filed in the district court in said cause application for judgment according to the stipulation therein contained, and upon the filing of this stipulation James A. Hill filed demurrer to said application, which demurrer was by the court heard on the 25th day of February, 1914, and overruled, from which the said James A. Hill appealed to this court by a petition in error filed in this court on April 24, 1914, which error was reviewed by this court and thereafter, on May 18, 1914, a judgment rendered reversing and remanding the cause with directions for further proceeding in accordance with the opinion of this court in said cause (49 Okla. 424, 152 Pac. 1122).

The defendants further say in their brief:

"For argument we will say that we do not disagree with plaintiff in error as to what is meant by the statutes they plead, that no man while married shall bequeath more than two-thirds of his property from his wife, but we say the will in this case meets absolutely the requirement of this statute, and had plaintiff in error attacked the will at the proper time and in the proper way her contention could not be sustained on account of the nature of the will in that it created an active trust, the title to the property passing to the trustee and the will giving to plaintiff in error one-third of the estate as required by the statute they plead. It is no objection to the creation of a trust that the enjoyment of the beneficiary of the possession of the property is postponed, especially where the beneficiary has every other right of ownership, she enjoys the income from the property and can dispose of it by will or otherwise if she desires, as the title to the property must be conveyed to her on the date her daughter Ruth is eighteen years of age. We say that she has no other and further remedy in the courts. She has accepted the terms of the will, the will has been probated without a contest on her part, the matters involved have been adjudicated."

As to whether the plaintiff's petition stated a cause of action, that depends primarily upon the construction to be placed upon section 8341, Rev. Laws 1910. The validity of this section is conceded by the parties. We think that under its provisions the husband and wife while married become each the forced heir of the other to the extent of one-third of the property owned by each respectively, which interests cannot be bequeathed by the owner from said heir, and where the property is real estate, the estate of the owner therein is meant whether it be the fee or a lesser estate. We think this construction is well supported by the authorities. The Supreme Court of Texas in the case of Budd v. Fisher. 17 Tex. 426, had for its construction a statute of that state similar in import, tne same being Hart. Dig. art. 3263, which was the statute of the state on Wills, and by the 13th section thereof parents were prohibited from disinheriting their children unless for just causes which were specified, but by the 15th section parents might dispose of the one-fourth of their estates by last wills or donation in last sickness. The syllabus of that case is as follows:

"A provision in a will to the effect that all the property of the testator shall be kept together for the support, education, etc., of his family, until the youngest child shall arrive at the age of twelve years, and under no pretext to be sold, except, etc., is an infringement of the rights of forced heirs who are adults, and on application of such forced heir will bet set aside; but only as to the three-fourths of the estate if the other heirs so require. It seems that a like provision, with the qualification that as each heir became of age, his share should be set apart to him, might be held not to be an infringement of the rights of forced heirs."

The opinion of the court was delivered by Hemphill, Ch. J., and in the discussion of the principles involved in the body of the opinion it is said:

"But to the question for consideration, viz., whether the provision requiring the property to be kept together until the youngest child should attain the age of twelve years is an infringement of the legal rights of the plaintiff, Isabella, as forced heir of the deceased. * * * The law, as thus arranged, invests children with the quality of forced heirs and an absolute right to a portion of the estate of a deceased parent, a right independent of the intentions of the testator, as they may be expressed by his last will and testament. Can the parent impose any restrictions or conditions on the enjoyment or right in this property, which the law has thus removed beyond his testamentary power, and declared that the child shall not be excluded from such portion of the inheritance? If so, the law might, by contrivance, be evaded, and the right of children, though guaranteed by laws, virtually defeated. If the heir may be postponed and delayed in the possession and enjoyment of his property for eleven years, he may be for twenty. One or more life estates might be interposed, and yet, as the child would have the remainder, it might, according to this view, be said that there was no infringement of the law, for that only prohibited entire disinherison. But such, it is conceived, is not the true view and intent of the statute. The prohibition against disinheriting a child, to be effectual and to accomplish the purposes of protection for which it was designed, must include every act which would defeat not only the right. but which would obstruct the beneficial enjoyment of the property secured to the heir by the law. To deprive a child, after marriage or majority, of his property for eleven years, would be a most serious encroachment on his rights. Under this will the property is to be kept together for the benefit of the family. In most cases, married or adult children would constitute no part of the family, and they would, under such provisions, lose all benefit from the property. Life is uncertain. It might very probably end before the lapse of eleven years; and thus a forced heir might live for eight or ten years in poverty and distress. excluded from property which belongs to him as forced heir, and of which he is deprived, not by an open disinherison, but by a scheme of postponement, which is really equivalent, and which must consequently be regarded as a mere fraud and evasion of the law, and consequently ineffectual and void. Whether such provision might not be good where all the heirs are minors, and would manifestly operate to their advantage,

need not be discussed. There would be great difficulty in sustaining it under any aspect. The children might have different guardians, and after fourteen they would have the right to choose guardians for themselves, and if these were to insist on the delivery of the property, it might be difficult to refuse, under the law, such demand. But where some of the heirs are adults, there is no question but that such provision is in contravention of their legal rights. The parent has the power to dispose of the one-fourth, and those representing the minors in this case may, if they deem it advantageous, have the decree so made as to retain the one-fourth together until the time limited in the will for distribution."

In that case, as in this, the will had been admitted to probate by the county court and this was an action brought by a daughter of the deceased joined by her husband in the district court of Fayette county, praying that the pretended will be declared null and void and the estate distributed according to law, with the will annexed.

In the case of Succession of Jno. A. Turnell, 32 La. 1218, the Supreme Court of Louisiana had under consideration the construction of a will and a statute of that state similar to the one under consideration here, and the syllabus is as follows:

"The testator cannot impose charges or conditions on the legitimate portion · of the forced heir, and, therefore, cannot order that that portion shall, together with the rest of his estate, remain undivided in the hands of his executors, during a certain number of years."

In the opinion of the court, by Fenner, J., it was said:

"The decedent left, as forced heirs, two sets of grandchildren, who may be designated as the Blakely children and the Hutchinson children. Each set of children were, under the law, entitled, as a legitimate or forced portion, to one-fourth of his estate. He left a testament, by the terms of which, with the expressed intention of complying with the requirements of the law, he bequeaths to the Hutchinson children exactly one-fourth of his estate, and gave the balance thereof to the Blakely children. He then directs as follows: 'All of my property shall be kept together, and be administered by my executors for five years after my death, when the same shall be sold, and the proceeds thereof be invested by my executors in U. S. bonds, and as my grandchildren severally arrive at the age of twenty-one years, they shall receive their share. Until the property be divided in the above proportions among my said grandchildren, the revenues therefrom shall be paid to them half yearly. Treating this will, as it has been treated by counsel on both sides in the arguments, as a will conferring upon the petitioning minors no right or advantage whatever over

and above their legitimate portion, and considering their present action as a waiver of all other rights and advantages which might, under any possible construction of the will, accrue to them thereunder, we find no difficulty in reaching the conclusion that their demand herein is well founded, and that the conditions imposed in the clauses of the will, so far as they affect the legitime of the petitioners, are, and should be, declared null and void."

In the case of Kine v. Becker et al., 9 S. E. 828, the Supreme Court of Georgia had under construction a statute of that state similar to ours, and the syllabus to the case is as follows:

"Under Code Ga. No. 2419, enacting that no person leaving a child shall devise more than one-third of his or her estate to any charitable institution to the exclusion of such child, and unless a will containing such devise is executed at least 90 days before testator's death the devise shall be void, a devise is 'to the exclusion of such child' if it vests the child with an estate for life, remainder to her issue, if any, in fee, and in default thereof in trust for a charitable purpose, and is therefore invalid."

The clause of the will under construction was as follows:

"2. I give, devise, and bequeath unto my beloved daughter Mary Elizabeth Kine all my undivided half interest in the real and personal property of the estate of my late husband, Wm. Kine, and all other property owned (except lot 21, Currie-town ward, and improvements, city of Savannah), for and during the term of her natural life; and should my said daughter marry, and have issue or children at her death, then in fee-simple to said children; or, if she should die leaving no children, then to whosoever may be the Roman Catholic Bishop of Savannah, in trust for the erection of a Roman Catholic hospital in the city of Savannah, and for no other use or purpose whatsoever."

Simmons, J., delivering the opinion of the court, said:

"The question is, was she excluded from this property by the terms of this item of the will? It was argued by counsel for the defendants in error that she was not excluded, because the will gave her a life-estate in the property, remainder over to her children if she had any, and if she should die leaving no children, then to the church. It was argued that this was not an exclusion of the daughter from the enjoyment of the property, but simply a restriction of the title. We cannot bring our minds to this conclusion. Under the law of Georgia, if Ellen Kine, the testatrix, had died intestate, her daughter Mary would have been entitled to an absolute or fee-simple estate in this property. 'An absolute or fee-simple estate is one in which the owner is entitled to the entire property, with the unconditional power of disposi-

tion during his life, and descending to his heirs or legal representatives at his death intestate.' Code No. 2246. This will, therefore, deprives her of a fee-simple estate in this property, and gives her only a life-estate therein. She is deprived of or excluded from one of the main ingredients in the ownership of property—the absolute title thereof. She is excluded from another right, and that is the power of disposition. Under this will she can only enjoy the income of the property for and during her life. She has no right to the ownership of it, except for her life, nor to dispose of it, except her life-estate in it." In re Dwyers Estate (Cal.) 115 Pac. 242; In re Miller Estate (Cal.) 111 Pac. 255.

This act was passed by the Legislature of this state and approved March 27, 1909 (Sess. Laws 1909, ch. 41, sec. 1, page 642), and was an act to amend section 6168, Statutes of Oklahoma of 1893, which section was as follows:

"Every estate and interest in real or personal property to which heirs, husband, widow or next of kin may succeed may be disposed of by will."

The 5th section of the act, supra, provided: "That all acts or parts of acts in conflict with this act be and the same are hereby repealed," and it became effective June 10, 1909.

Rev. Laws 1910, sec. 6595, provides that: "Real property in this state is governed by the law of this state, except where the title is in the United States."

Section 6596:

"Estates in real property in respect to duration of their enjoyment are either: 1st, estates of inheritance or perpetual estates; 2nd, estates for life; 3rd, estates for years, or, 4th, estates at will."

Section 6597:

"Every estate of inheritance is a fee, and every such estate when not defeasible or conditional is a fee-simple or an absolute fee."

By the terms of the will the entire estate of the testator is attempted to be conveyed to the trustee for the trust period of until the youngest child shall become of age, "to take possession, management and control of said real estate and receive the rents, issues and profits therefrom and to apply the net income from the same to the use of the said wife and children in the proportions aforesaid during the term until my youngest child then living shall become of age, and as soon as practicable after that event to be conveyed in fee an undivided one-third interest to my said wife, Mattie Hill, her heirs and assigns, and an undivided one-ninth interest to"—certain children, naming

them. "I hereby authorize and empower said trustee, A. R. Hickam, in the management of my estate to rent any and all of said real estate on any terms and in any manner as he in his descretion shall deem for the best interests of my estate, and to execute and deliver good and sufficient contracts therefor."

We think that under section 8341 of the statutes, supra, the plaintiff was the forced heir of her husband, John T. Hill, at the time of his death to the extent of one-third of the real property owned by him in fee simple, and that when the administration upon his estate closed she was entitled to the possession, management, and control thereof, clothed with the power of disposition of the same, and that the trust created upon his real property by the testator, John T. Hill, by the terms of his will, was, as to his wife, the plaintiff, and to her one-third of such real estate, void; although the same was valid and subsisting as to all the other legatees named in his will. Revised Laws 1910, sec. 8341; Bacus v. Burns, 48 Okla. 285, 149 Pac. 1115; Fennell v. Fennell (Kan.) 106 Pac. 1038; Barry v. Barry, 15 Kan. 590; Henry Allen et al. v. Joseph Hannum et al., 15 Kan. 625; Nolker v. Nolker, 66 Kan. 347; Budd v. Fisher, 17 Tex. 426; Succession of John A. Turnell, 32 La. 1218; Kine v. Becker (Ga.) 9 S. E. 828, supra.

The rule that a will may be only partially invalid, valid provisions being sustainable and those invalid may be declared so on a construction of the will by the court, is well supported by the authorities. Bacus v. Burns, 48 Okla. 285, 149 Pac. 1115; Fennell v. Fennel (Kan.) 106 Pac. 1038; Barry v. Barry, 15 Kan. 590; Henry Allen et al. v. Joseph Hannum et al., 15 Kan. 625; Nolker v. Nolker, 66 Kan. 347; Budd v. Fisher, 17 Tex. 426; Succession of John A. Turnell, 32 La. 1218; Kine v. Becker, 9 S. E. 828, supra; 16 C. L. 2659; 12 C. L. 2368; 14 C. L. 2456; Clear Spring Twp. v. Blough (Ind.) 88 N. E. 511; Bartlett v. Sears (Conn.) 70 Atl. 33; Lewine v. Gerardo, 112 N. Y. S. 192; In re Gibson's Will, 113 N. Y. Sup. 266; In re Buchner, 113 N. Y. Sup. 625.

The position taken by counsel for defendants in error that the transcript presents the question of former adjudication, is without merit. First, because the question of former adjudication is a matter of defense and must be pleaded, and cannot be raised by demurrer to the petition of plaintiff unless it be apparent upon the face thereof. This court in the case of Ratcliff-Sanders

Grocery Co. v. Blue Jacket Mercantile Co., 63 Oklahoma, 164 Pac. 1142, passed upon the question of what constitutes a sufficient plea of res adjudicata, in an opinion by Mr Justice Kane. Syllabus par. 1 thereof is as follows:

"In order to make the matter res adjudicata there must be a concurrence of the four conditions following, namely: (1) Identity in the thing sued for (or subject matter of the suit); (2) Identity of the cause of action; (3) Identity of persons or parties to the action; (4) Identity of the quality in the persons for or against whom the claim is made."

This rule is well established and adhered to by numerous decisions of this court. Prince v. Gosnel, 47 Okla. 570, 149 Pac. 1162; St. Louis & S. F. R. Co. v. Hardy, 45 Okla. 423, 146 Pac. 38; Corrugated Culvert Co. v. Simpson Township, McIntosh Co., 51 Okla. 178, 151 Pac. 854; Duncan et al. v. Deming Investment Co., 54 Okla. 680, 154 Pac. 651; Norton v. Kelly, 57 Okla. 222, 156 Pac. 1164; Woodward, Co. Clerk, v. Town of Hennessey, 32 Okla. 267, 122 Pac. 224.

We have carefully examined the transcript and are of the opinion that the trial court erred in sustaining the demurrer of the defendant to the plaintiff's petition, and the case is therefore reversed and remanded with directions that the demurrer be overruled and that the case proceed in accordance with the views herein expressed.

OWEN, C. J., and all the Justices concur, except RAINEY and HIGGINS, JJ., not participating.