WALKER v. IRBY et al. (No. 302–3613.)*

(Commission of Appeals of Texas, Section A. March 22, 1922.)

1. Wills ⚖︎212—Notwithstanding agreement between contestant and one beneficiary, contest presents more than moot question.

Where an agreement between the contestant of a will and one of the beneficiaries to share equally in the estate, regardless of the result of the contest, did not affect the question of probate of the will, the contention that the case presented only moot questions cannot prevail.

2. Wills ⚖︎81—Limitations on rule for sustaining will when part only valid.

The general rule that, where a part of a will is invalid, the valid bequests should be sustained, has its limitations; and when the rule will defeat the testator's intent, and interfere with the general scheme of distribution, or work an injustice to other heirs, it should not be applied.

3. Wills ⚖︎166(1)—Evidence showed undue influence invalidating whole will.

Evidence *held* to show that undue influence of a son extended to and influenced entire will of his father.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Contest by Mrs. Emma Irby of a will, of which Mrs. Ella Briley was proponent, Lee Walker intervening and praying for probate of the will in its entirety. From a judgment of the Court of Civil Appeals (229 S. W. 331) affirming a judgment sustaining the contest in part, Lee Walker brings error. Reversed and rendered.

See, also, Clark v. Briley, 193 S. W. 419.

Shropshire & Bankhead, of Weatherford, and I. W. Stephens, of Forth Worth, for plaintiff in error.

S. C. Padelford, of Fort Worth, and Hood & Shadle and Preston Martin, both of Weatherford, for defendants in error.

RANDOLPH, J. This suit originated as a contest over the probate of the will of Doctor G. B. Walker in the county court of Parker county. It will serve no purpose in our discussion of the case to detail the various stages of this proceeding, beyond the statement that on the last trial in the district court of Parker county, on a verdict of the jury answering special issues, the trial court rendered judgment sustaining the provision of the will of G. B. Walker, devising one-half of his estate to Mrs. Etta Briley, and holding that part bequeathing the other half of the property to Lee Walker null and void. From this judgment the intervener, Lee Walker, appealed to the Court of Civil Appeals for the Second Supreme Judicial District, and that court affirmed the trial court's judgment. 229 S. W. 331.

G. B. Walker's wife had died. Prior to his death one son and a daughter had died, leaving three boys and two girls surviving him.

Mrs. Etta Briley, who was named as one of the independent executors in the will of Dr. G. B. Walker, filed the will for probate in the county court of Parker county, Lee Walker, the other independent executor, having at that time declined to take any action in the matter. While the will devised specific tracts of land to Mrs. Briley, who was one of the daughters, and to Lee Walker, his son, it practically left the whole of the estate to the two by a residuary clause.

Mrs. Emma Irby and Mrs. Mattie Clark contested the probate. In the first contest filed by them the grounds set out for the annulment of the will as a whole were, unsoundness of mind and undue influence, without naming any party as having exerted undue influence. Mrs. Clark died pending the suit, and the contest was continued by Mrs. Irby and her husband, who subsequently filed their third amended contest, and in this specifically charged that it was the undue influence of Lee Walker that caused their father to exclude them from his will, and practically abandoned the ground of unsoundness of mind in their attack on the will.

During the pendency of the case the sisters, Mrs. Briley, proponent, and Mrs. Irby, contestant, arranged a compromise by which they were to share equally in the estate, regardless of how the matter of the will was decided. After this agreement Mrs. Briley insisting on the probate of the will as to her, and, Mrs. Irby not further contesting its probate in that part, Lee Walker intervened, praying for the probate of the will as a whole, or that it be wholly set aside.

The trial court submitted to the jury the following issues, which were answered as indicated after each:

"Issue No. 1. Was the instrument, introduced in evidence and referred to as the will of G. B. Walker, made by the said G. B. Walker without any undue influence of Lee Walker being exerted upon him which operated upon him at the time of, and in making said will? Answer 'Yes' or 'No.'"

"Issue No. 2. Did Lee Walker exert any undue influence over G. B. Walker which at the time of and in making said will influenced him

in making any of the provisions of said will? Answer 'Yes' or 'No.' "

"Issue No. 3. If you have answered issue No. 2 in the affirmative, then did such undue influence of Lee Walker extend to and affect all the provisions of said will? Answer 'Yes' or 'No.' "

"Issue No. 4. If you have answered issue No. 2 in the affirmative and issue No. 3 in the negative, then did such undue influence of Lee Walker extend to and affect the provision of said will in favor of Mrs. Etta Briley? Answer 'Yes' or 'No.' "

The jury answered the first, third, and fourth issues in the negative, and the second issue in the affirmative.

Accepting the verdict of the jury, the judgment of the trial court and Court of Civil Appeals as conclusive of the facts, we proceed to consider the conclusion of the Court of Civil Appeals upon the question of law as applied to those facts.

[1] We do not think the contention of Lee Walker, plaintiff in error, that because Mrs. Irby and Mrs. Briley had entered into a compromise whereby they were to share equally in the estate, regardless of the result of the contest of the will, the case presented only a moot question, can be sustained. It appears that this compromise did not affect the question of the probate of the will, and, it being a proceeding in rem, and Lee Walker being an intervener asserting his rights, the agreement could not, and did not, dispose of the probate of the will or of Lee Walker's rights therein; hence is not a moot case.

The deciding question in this case is: Did the undue influence of Lee Walker in having his father exclude contestant, Mrs. Irby, the deceased sister, Mrs. Clark, and his brothers from participating in his father's will apply to the will as a whole or only to that part over which and under which he himself was beneficiary? We have carefully read the decisions cited by defendants in error in support of their contention that, under the circumstances of this case, it was proper for the trial court to enter its judgment ordering the probate of the will of G. B. Walker as to the bequest to Mrs. Briley, and refusing probate of that part wherein the bequest of the other half of the estate was made to Lee Walker, and find that the general holding is that, where the undue influence does not affect the whole will, but only a part, and that portion and the remainder are separable, only the part affected will be held void. 40 Cyc. 1149. If the whole will is the result of the presence of undue influence, probate of the whole will must be refused. Underhill on the Law of Wills, p. 223, § 159.

The case of Florey's Executors v. Florey, 24 Ala. 248, cited by defendant in error, is a leading case on the proposition of undue influence rendering a part of the will void, and is cited in many subsequent decisions. In that case it is said:

"We agree, that where a legacy has been given through undue influence, it does not have the effect of rendering the whole will void. It is in accordance with the dictates of reason, and the principles of natural justice, that fraud or undue importunity on the part of one legatee, should not affect the other legacies which are the result of the free will of the testator. * * * It is, however, equally clear, that if the fraud, or undue influence of one of the legatees affects the whole will, then no portion of it can stand."

In Harrison's Appeals, 48 Conn. 204, this is laid down as the controlling principle:

"Where an undue influence is exercised over the mind of a testator in making his will, the provisions in the will in favor of the person exercising that influence are void; but the will may be good as far as respects other parties; so that a will may be valid as to some parts and invalid as to others; may be good as to one party and bad as to another"—quoting from Trimalstown v. D'Alton et al., 1 Dow. & Clark, 85, and further quoting from the Florey Case, as above set out.

[2] The general rule that, where a part of the will is invalid and part valid, the valid bequests should be sustained has it limitations. When the application of this doctrine will defeat the manifest intent of the testator, and interfere with the general scheme of distribution or work an injustice to other heirs, it should not be applied. 28 R. C. L. p. 359, § 369; Fennell v. Fennell, 80 Kan. 730, 106 Pac. 1038, 18 Ann. Cas. 471.

We have been able to find no decisions by our Supreme Court passing upon the question here under investigation; hence we are led to follow the decisions above cited and above quoted as being based upon sound reason.

[3] In the case at bar we find a man executing a will excluding several of his children from its benefits, and devising the whole of his property to two of them, Lee Walker, and Mrs. Briley. The jury found, under the evidence, that the undue influence of Lee Walker had secured the execution of part of the will, Proponent, Mrs. Briley, contends that, as she was not a party to Lee Walker's conduct, and was free from any charge of misconduct in that regard, that clause of the will devising one-half of the estate to her should stand, and the will to that extent should be probated. We cannot concede this, for we think that, under the findings of fact, and under the evidence, that it is disclosed that the undue influence of Lee Walker was the controlling cause of the execution of the whole will, and hold, as a matter of law, that the undue influence extended to the execution of every part of the will.

Analyzing the findings in this case, it ap-

pears that the undue influence exerted by Lee Walker upon his father's mind was not done for the sole purpose of having his father enlarge a bequest to him, but the undue influence extended to an absolute exclusion of contestant and the brothers from any participation in the estate. If contestant is correct, Lee Walker had created in his father's mind such a hatred for contestant and Mrs. Clark as to make him disinherit them from participating, not alone in that part of the estate willed to Lee Walker, but from participating in any part or all of it. By inheritance, if G. B. Walker had made no will the contestants and their nonparticipating brothers would have partaken of the estate share and share alike. If this will was not the will of G. B. Walker disposing of one-half of his property, then it was not his will in the disposition of the other half. That hatred which was sufficient to dictate the execution of a will excluding these parties excluded them from participating in the whole. Who can draw so fine a line as to indicate where hatred and malice cease and an affectionate regard begins? If he hated those nonparticipating children, who can say that he only hated them enough to exclude them from his will as to their share in that portion of his estate given to Lee Walker? We do not think it possible, without utterly destroying G. B. Walker's intent to distribute his entire estate, to attempt to say that it was his will to leave half the estate to Mrs. Briley and to make no disposition of the residue of his estate.

This is true even though the contestant and Mrs. Briley had agreed on a disposition of the estate regardless of the decision in the matter of the will of their father to share and share alike in whatever was obtained. This cannot influence any question in the decision of what was the will of G. B. Walker, and does not alter that question.

If this undue influence poisoned the mind of the father it cannot be said that the ill will permeating his mind stopped at a desire to deprive them of participating in part of his property, but the reasonable and natural conclusion is that such condition of his mind brought about the execution of the will as a whole.

We therefore hold that the trial court erred in rendering judgment probating such portion of the will of G. B. Walker as devised one-half of his property to Mrs. Briley, and holding null and void that part of the will leaving the other half to his son, Lee Walker, and that the Court of Civil Appeals erred in holding that the undue influence of Lee Walker did not extend to and affect all the provisions of the will.

This view of the case practically disposes of all other assignments of plaintiff in error.

We therefore recommend that the judgments of the district court and Court of Civil Appeals in this case be reversed, and that judgment be here rendered decreeing that said will be not probated in any part thereof.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered refusing to probate will.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes